In re Charles Allen **CUNNINGHAM** and Shirley Ruth Cunningham, Debtors.

Charles A. **CUNNINGHAM**, Petitioner,

v.

Shirley R. **CUNNINGHAM**, Respondent.

Bankruptcy No. 80–01173J.
Adv. Proceeding No. 80–0543.

United States Bankruptcy Court,
D. New Mexico.

Jan. 29, 1981.

Ruth J. Thomas, Dutton, Winchester & Thomas, Ltd., Las Cruces, N. M., for petitioner.

Shirley Ruth Cunningham, pro se.

## ORDER DISMISSING PETITION FOR DIVORCE

ROBERT A. JOHNSON, Bankruptcy Judge.

Debtors petition this Court to grant a divorce in the above-captioned case and alleges that this Court has jurisdiction of this subject matter pursuant to 11 U.S.C. § 362(a)(1). That section provides, in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

The debtor reasons that a divorce petition against a debtor, filed in state court after the filing of the bankruptcy petition, would be a violation of the automatic stay against "judicial proceedings". The provisions of § 362(a)(1) are limited, though, to actions that could have been commenced before the bankruptcy case was filed or to claims that arose before the case. A "claim", as defined by the Code at § 101(4), means:

(4)(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;

The divorce petition is clearly not within the meaning of §§ 362(a)(1) and 101(4). Such jurisdictional reliance by the debtor, therefore, is unfounded.

The Bankruptcy Reform Act of 1978 (the Code) expanded somewhat the jurisdiction of the bankruptcy court to "original and exclusive jurisdiction of *all* cases" under the Code, 28 U.S.C. § 1471(a) (1979), and original but not exclusive jurisdiction of all *civil* proceedings relating to cases under the Code, § 1471(b). (emphasis added). Although this expanded jurisdiction has been broadly interpreted and implemented, it is not without limits. One such limit is the field of domestic relations.

The subject matter of domestic relations has long been held to be a matter peculiarly within the province of state law, *Barber v. Barber*, 62 U.S. 582, 16 L.Ed. 226 (1859), and therefore, a federal bankruptcy court does not have subject matter jurisdiction over divorce petitions. *In re Universal Profile, Inc.*, 2 C.B.C.2d 1212 (N.D.Ga.1980), citing 1 Collier on Bankruptcy § 3.01 (15th ed. 1979). The denial of jurisdiction over the divorce petition itself is not to deny jurisdiction over the property of the divorce proceeding when one of the parties is a debtor in bankruptcy, *In re: Benavidez*, No. 80–0166J (D.N.M., June 3, 1980), and the ruling here is not to be construed to extend that far.

Therefore, IT IS ORDERED, ADJUDGED AND DECREED that the petition hereby is, and the same shall be dismissed.