**In re Vernon Raymond SCHOCK, d/b/a Diamond S. Ranch, Debtor.**

**Vernon R. SCHOCK, Plaintiff,**

v.

**Corinne A. SCHOCK, Defendant.**

**Bankruptcy No. 83–05199.
Adv. No. 83–7168.**

United States Bankruptcy Court,
D. North Dakota.

Feb. 3, 1984.

James R. Jungroth, Jamestown, N.D., for plaintiff.

James A. Wright, Jamestown, N.D., for defendant.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The Debtor in the above-entitled adversary proceeding filed his petition for reorganization under Chapter 11 of the Bankruptcy Code on April 6, 1983. On April 15, 1983, the Debtor commenced by complaint this adversary proceeding seeking relief from the automatic stay. The Debtor requested modification of the automatic stay to permit an action for divorce to continue in the District Court of Stutsman County, North Dakota. The Defendant, Corinne A. Schock, filed her Answer to the Complaint on April 29, 1983. The parties filed a Stipulation for the Entry of Judgment on July 1, 1983. Whereas the parties have agreed to entry of judgment, this Court makes the following determination:

Both parties seek modification of the statutory stay imposed by 11 U.S.C. § 362, in order to proceed with their divorce action in state court. Section 362 of the Bankruptcy Code provides, in pertinent part:

Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, . . . operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1). A divorce petition is clearly not within the meaning of sections 362(a)(1) and 101(4). *In re Cunningham,* 9 B.R. 70, 71 (Bkrtcy.D.N.M.1981). Since divorce proceedings are not stayed by section 362 of the Bankruptcy Code, it would be nonsensical for this Court to modify the stay to permit a divorce proceeding to continue.

Section 541 of the Bankruptcy Code provides for the creation of a bankruptcy estate upon the commencement of any bankruptcy proceeding. As is indicated by section 101(31) of the Bankruptcy Code the filing of the bankruptcy petition commences a bankruptcy proceeding. The estate which is created by the filing of a bankruptcy petition consists of all legal or equitable interests in property which the debtor may hold. Administration of the property of the estate is done under guidance of the bankruptcy court. To facilitate that administration, the statutory stay of section 362 of the Bankruptcy Code disallows any action to obtain possession of property of the estate or to create or perfect any interest or claim to property of the estate. Accordingly, the Bankruptcy Court cannot release its jurisdiction over property which is apparently property of the estate under section 541 of the Bankruptcy Code. A state court has no right to make a determination or disposition of property which is property of the bankruptcy estate. However, state courts do have the right, notwithstanding section 362, to dissolve the marriage between the parties.

For the reasons stated,

IT IS ORDERED:

That the requested relief from the automatic stay is DENIED.