503 A.2d 439

**Ronald E. TAYLOR**

v.

**Cora L. Young TAYLOR, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 29, 1985.

Filed Jan. 17, 1986.

Stephen H. Silverman, Jenkintown, for appellant.

Edward F. Kane, Norristown, for appellee.

Before CAVANAUGH, McEWEN and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order of the Court of Common Pleas of Montgomery County, issued February 21, 1985, which granted appellee's Petition for Bifurcation[1] and which decreed the parties to be divorced.

Appellant first argues that the trial court did not have jurisdiction to hear the issues in this case because of her pending bankruptcy proceedings.[2] She argues that the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a)(1),[3] precludes a state court from ruling on a divorce

---

1. The grant of a bifurcated proceeding separates the divorce decree from the resolution of ancillary matters, most notably the equitable distribution of marital property. The Divorce Code, Act of April 2, 1980, P.L. 63, No. 26, § 101 *et seq.*, permits such bifurcation as provided in section 401(b) of the Code, 23 P.S. § 401(b):

 ... In the event that the court is unable for any reason to determine and dispose of matters provided for in this subsection within 30 days after the master's report has been filed, it may enter a decree of divorce or annulment ...

 Further, Rule 1920.52, Pa.R.Civ.P., dealing with the procedure in divorce cases, permits the entry of separate decrees involving marital property, divorce, and alimony pendente lite.

2. Appellant had filed a voluntary petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code, prior to the time appellee had filed the underlying divorce complaint.

3. 11 U.S.C. § 362(a)(1) provides, in pertinent part:

 (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

 (1) the Commonwealth or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced

petition against a debtor unless the non-debtor spouse has petitioned the bankruptcy court for, and received, relief from the automatic stay provision pursuant to 11 U.S.C. § 362(d). This issue appears to be one of first impression in this court. Therefore, we will look to general principles of law and to decisions of the federal bankruptcy court.

■ From an historical point of view, the consummation and dissolution of marriages has always been treated as a matter which is quite properly reserved to the states. *See Barber v. Barber,* 21 How. 582, 62 U.S. 582, 16 L.Ed. 226 (1859). This issue was clearly dealt with in *In re Cunningham,* 9 B.R. 70 (1981), wherein the bankruptcy court dismissed a petition requesting relief from the automatic stay provision and, thus, allowing the parties to continue with divorce proceedings. The court held that a federal bankruptcy court does not have subject matter jurisdiction over the divorce petition itself and, therefore, the request for relief was not pertinent. The *Cunningham* court noted, however, that, "The denial of jurisdiction over the divorce petition itself is not to deny jurisdiction over the property of the divorce proceeding when one of the parties is a debtor in bankruptcy, *In re Benavidez,* No. 80–166J (D.N.M., June 3, 1980)." 9 B.R. at 71. *See also Schulze v. Schulze,* 15 B.R. 106 (1980). The bankruptcy court is in a much better position to interpret the meaning of the bankruptcy code than is this court. We find its determination as to its lack of subject matter jurisdiction in the divorce proceedings, within the historical view, persuasive. Accordingly, we find that the trial court did not err in exercising its jurisdiction over the divorce proceeding below.

Appellant next argues that the lower court abused its discretion in granting appellee's petition to bifurcate the divorce proceeding from the resolution of economic matters. This court's opinion in *Wolk v. Wolk,* 318 Pa.Superior Ct. 311, 464 A.2d 1359 (1983), is the seminal case which sets the

before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title ...

parameters on the trial court's discretion when deciding a bifurcation issue. Therein we stated:

> [I]t is obvious that the decision to bifurcate, though permissible, should not be made *pro forma* ... Rather, such a determination should be made only after the disadvantages and advantages have been carefully explored and analyzed. Each case must be reviewed on its own facts and only following the court's determination that the consequences of bifurcating the case will be of greater benefit than not bifurcating, should it grant the petition.

*Id.*, 318 Pa.Superior Ct. at 318, 464 A.2d at 1362. The *Wolk* court further set forth the standard for appellate review.

> Since the decision to bifurcate is discretionary, we will review lower court decisions pertaining to bifurcation by using an abuse of discretion standard. So long as the trial judge assembles adequate information, and then explains his [or her] decision regarding bifurcation, we defer to his discretion. In other words, this determination should be the result of a reflective examination of the individual facts of each case.

*Id.*

■ The parties to this case have been separated since 1980 and have two children living with appellant. Appellee filed the divorce action in November, 1983. At the hearing on the bifurcation petition, appellee asserted his reason for seeking bifurcation, and a prompt divorce decree, was that he wished to remarry. At the hearing, both parties appeared to agree that, if bifurcation was not allowed, a final order could not be entered for at least three more years— the scheduled pendency of the bankruptcy proceeding.[4] Appellant opposed the petition because, due to medical problems, she relies on appellee's medical insurance, which she

---

4. While appellant contends that she needs economic protection for the next three years, we note that she does have the option to petition the bankruptcy court for relief from the stay so as to proceed to a resolution of the economic issues. Relief was granted for such purpose in *Schulze v. Schulze, supra.* Appellant cannot use the stay provision as both a sword and a shield.

alleges will terminate upon their divorce. She also opposes the petition because she will lose support payments upon divorce and yet not have the property settlement to rely upon. Finally, appellant alleges that a non-bifurcated proceeding will provide greater stability for her children and that there are potential problems should appellee die prior to final disposition of the economic matters.

While we may be sympathetic to appellant's plight, the disadvantages that she has alleged are not so overwhelming or of such magnitude that we are compelled to reverse the discretionary decision of the trial court. Appellant has an enforceable support order in place. If appellee is not making the required payments, as alleged, appellant has a remedy which is unrelated to the bifurcation issue. If a significant change in circumstances occurs, such as the loss of medical benefits, appellant can petition for a modified support order. *See* 23 P.S. § 501(e).

 The entry of a divorce decree does not alter the right of a former spouse to alimony pendente lite or counsel fees, *see Pastuszek v. Pastuszek,* 346 Pa.Superior Ct. 416, 499 A.2d 1069 (1985), or to a support or alimony award. *McNulty v. McNulty,* 347 Pa.Superior Ct. 363, 500 A.2d 876 (1985).[5] However entitlement to support, alimony pendente lite, counsel fees and costs would cease upon appellee's death, *Pastuszek, supra,* whether or not the parties were divorced. Appellant argues that if appellee should die before the final disposition of the case, but while they were still married, she somehow would be in a better position. She never explains how she would be advantaged, other than the fact that the marital property would be held by the parties as tenants by the entireties rather than tenants in

---

**5.** *McNulty v. McNulty, supra,* 347 Pa.Superior Ct. at 371, 500 A.2d at 880:

> "Alimony" ... is a duty arising out of marriage but is distinguished in that it continues after divorce when fixed in conjunction with a divorce or annulment decree. Its purpose is not to reward one party and to punish the other, but rather to ensure that reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met. *Semasek v. Semasek,* 331 Pa.Superior Ct. 1, 479 A.2d 1047 (1984).

common and the fact that appellee's future spouse might claim an interest in appellee's share of the estate.[6]

■ These factors cannot be outside the scope of probabilities considered by the Legislature as reasonable incidents of bifurcation. Therefore, appellant's mere assertion of such potentialities, without providing evidence of specific disadvantages to herself, is not enough. We further note that appellant's interest in the marital property would not be altered by appellee's untimely death. In *Pastuszek, supra,* this court specifically held that pending ancillary matters, following a divorce decree, survive the death of one of the parties. Therein we stated:

> Once the [divorce] decree has been entered, the right of the spouse to the distribution of marital property and other economic claims where these matters have been properly put in issue before the death of the spouse, is vested. We do not perceive any conflict between this rule and the provisions of any statute dealing with the estates of decedents. By virtue of equitable distribution of marital property and the disposition of other economic claims, some property may become an asset of the decedent's estate and shall be treated by the personal representative as any other estate asset.

*Pastuszek v. Pastuszek, supra,* 346 Pa.Superior Ct. 426, 499 A.2d at 1074 (footnote omitted).

■ Finally, we note appellant's claim that the lower court abused its discretion by not allowing evidence of the special needs of the children for residential stability. The trial court correctly stated that instability is an incident of every divorce and will be considered at the equitable distribution proceedings. If, as we find, the economic interests of appellant are not unduly jeopardized by the bifurcated proceeding, we will not find that the lower court erred in disallowing evidence of the children's special needs for

6. We note here that any future spouse of appellee would be stayed from asserting any interest in the subject matter of the bankruptcy proceeding, just as the parties herein are stayed from proceeding to the equitable distribution of the marital property.

residential stability. We affirm the trial court's conclusion that bifurcation is advantageous in that it will accelerate the dissolution of an irretrievably broken marriage, and, thus, not hold appellee's personal life hostage to economic disputes. This consideration is especially significant here where the parties must wait at least three years before finally settling their economic disputes due to the pending bankruptcy proceeding. Appellant has failed to adequately show how her economic interests would be disadvantaged by this procedure. Accordingly, the order of the court below is hereby affirmed.