## Falasco v. Falasco

*Paul A. Prince,* for petitioner.
*Holly L. Setzler,* for respondent.

ENDY, *J.,* March 2, 1992—This matter is before the court on petitioner's motion for sanctions in accordance with Pennsylvania Rules of Civil Procedure nos. 1920.33(c) and 3019. The petitioner seeks sanctions for respondent's failure to file an inventory and appraisement as mandated by 23 Pa.C.S. §3505(b) and Pa.R.C.P. 1920.33 and for respondent's alleged acts of delay and obfuscation to hinder the conclusion of the divorce proceedings originally filed by petitioner on April 11, 1988.

Initially, we note that Pa.R.C.P. 1920.33(a)[1] mandates that:

---

1. Subdivision (b) of Pa.R.C.P. 1920.33 requires that a pre-trial statement be filed and served on the other party at least 60 days prior to the hearing date. This pre-trial statement is to include, inter alia an appraisal of the parties' assets whether deemed marital or non-marital. Subdivision (d) of Pa.R.C.P. 1920.33 provides that where a party fails to comply with the mandate of Pa.R.C.P. 1920.33(b), such party "shall, except upon good cause shown, be barred from offering any testimony or introducing any evidence in support of or in opposition to claims for the matters not covered therein." Pa.R.C.P. 1920.33(d)(1). The rule goes on to say "that a party *shall,* except upon good cause shown, be barred from offering any testimony or introducing any evidence that is inconsistent with or goes beyond the scope of information set forth in the pre-trial statement." Pa.R.C.P. 1920.33(d)(2).

"Within 90 days after service of a pleading or petition containing a claim for determination and distribution of property under section 3502 of the Divorce Code, each party *shall* file an inventory specifically describing all property owned or possessed at the time the action was commenced."

Should a party fail to file an inventory as required by subdivision (a), the court has the authority to order sanctions pursuant to Pa.R.C.P. 4019(c).[2] See also *Otteni v. Otteni,* 45 D.&C.3d 40 (1987). Our disposition of this matter is complicated by the fact that respondent, on September 20, 1991, filed a petition in bankruptcy under Chapter 13 of the U.S. Bankruptcy Code. Respondent contends that any further action in the divorce proceeding would be a violation of the code's automatic

2. Pennsylvania Rule of Civil Procedure 4019(c) provides that the court, when acting under subdivision (a) of this rule, may make:

(1) an order that the matters regarding which the questions were asked, or the character or description of the thing or land, or the contents of the paper, or any other designated fact shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;

(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience;

(4) an order imposing punishment for contempt, except that a party may not be punished for contempt for a refusal to submit to a physical or mental examination under Rule 4010;

(5) such order with regard to the failure to make discovery as is just.

stay provision: 11 U.S.C. §362. We note that the automatic stay provision does not preclude this court from rendering a disposition of the divorce petition. *Taylor v. Taylor,* 349 Pa. Super 423, 425, 503 A.2d 439, 441 (1986); *In re Schock,* 37 B.R. 399, 400 (Bankr. N.D. 1984). However, we are precluded from making any determination or disposition regarding property as it may be deemed property of the bankruptcy estate. *Taylor at 425,* 503 A.2d at 441; 11 U.S.C. §541; *In re Schock,* 37 B.R. at 400.

Respondent avers that granting the petitioner's motion for sanctions would violate the prohibition against our making a determination or disposition of the parties' property. For the following reasons, we disagree.

A complaint in divorce was filed by petitioner on April 11, 1988, seeking divorce and resolution of ancillary claims. Respondent counterclaimed for equitable distribution and other ancillary matters on July 1, 1988. Petitioner filed his inventory and appraisement on February 9, 1990. A special master was appointed on February 14, 1990, with respect to the claim of equitable distribution.

Prior to respondent's filing for bankruptcy, four hearings[3] had been held before the special master. Respondent failed to file the inventory within the required 90 days, as well as failing to file an appraisement prior

---

3. The first hearing was held on March 15, 1990. The second hearing, referred to as a settlement conference, was held on April 24, 1990, which discussed the appraisal of the marital residence. On August 30, 1990, another settlement conference was held. At that hearing the special master was informed that the house was up for sheriff's sale. The master's hearings were scheduled for October 9 and 19, 1990. The parties did meet on October 9, 1990.

to any of the special master's hearings. Defendant has had over two and a half years to file the requisite documents, but has neglected to do so.

Our granting of the requested sanctions do not violate the automatic stay provision as we are not making any determination or disposition regarding the parties' property. These inventories and appraisements are necessary to the court's task should any distribution occur in the future. The inventory and appraisement has no impact on the value of the property for the purposes of the Bankruptcy Court. They are merely the parties' estimations that, at the appropriate time, will be considered by the court in evaluating the worth of the marital estate, and the appropriate scheme of distribution.

Our order will merely address respondent's violation of Pa.R.C.P. 1920.33 in accordance with the provisions of subsection (c) and (d). Should respondent not comply, she will be precluded from entering her own evidence regarding the value of property listed in the petition and income and appraisement statement as well as being precluded from contradicting any of that evidence presented by petitioner once the matter of equitable distribution is again properly within the jurisdiction of this court whether that event arises as a result of the Bankruptcy Court granting relief from the automatic stay upon a motion by petitioner or at the conclusion of the bankruptcy proceedings. Thus, we do not believe that our authority to act in this matter is vitiated by the automatic stay provision of the Bankruptcy Code and accordingly enter the following

## ORDER

And now, March 2, 1992, it is hereby ordered that petitioner shall submit an inventory and appraisement

statement within 90 days of this order or respondent, once the matter of equitable distribution is once again properly before this court, shall be precluded from opposing the values set forth in petitioner's inventory and appraisement and shall also be precluded from introducing any contradictory evidence to said values.