676 A.2d 237

**Sharon HRINKEVICH**

v.

**John HRINKEVICH, Appellant. (Three Cases.)**

Superior Court of Pennsylvania.

Argued Sept. 28, 1995.

Filed April 11, 1996.

Reargument Denied June 12, 1996.

406

Arthur L. Jenkins, Jr., Norristown, for appellant.

Thomas H. Ramsay, Lionville, for appellee (submitted).

Before KELLY, JOHNSON and CERCONE, JJ.

CERCONE, Judge:

These are partially consolidated appeals stemming from several trial court orders which relate to ongoing divorce proceedings. We affirm in part and quash in part.

The parties to the present appeal were married in April of 1970. Sharon Hrinkevich (wife) filed a complaint in divorce which was docketed on January 7, 1985. The certified record reveals that the parties have experienced great difficulty in settling matters concerning child support, spousal support and equitable distribution. This situation has led to a multiplicity of proceedings and resulted in many interim trial court orders. Prior to entry of the orders underlying the instant appeals, John Hrinkevich (husband), had already filed two appeals to

the Superior Court.[1] Although no formal order of bifurcation was ever entered, the trial court granted the parties a divorce on August 3, 1993. The Superior Court ruled that this constituted *de facto* bifurcation of the case. *Hrinkevich v. Hrinkevich,* 436 Pa.Super. 672, 648 A.2d 1240 (No. 2795 Philadelphia 1993, filed May 31, 1994) slip opinion at 2 n. 1.

The parties have continued their ongoing disputes concerning support and equitable distribution. Husband has expressed his dissatisfaction with the trial judge's efforts at resolving these problems by filing three separate notices of appeal seeking review of various trial court orders. We shall deal with the facts and issues pertinent to each notice of appeal separately.

### No. 3912 Philadelphia 1994
### Appeal from the order entered
### October 4, 1994

Husband's initial notice of appeal stems from the following order entered by the Honorable James P. MacElree II:

AND NOW, this 4th day of October, 1994, based upon the attached Motion, it is hereby ORDERED and DIRECTED that DRO shall revise their audit on the basis of the [sic] this Court's September 13, 1985, Court Order, Master Platt's Recommendation of October 21, 1986, and J. Endy's February 17, 1987, Order in accord with a $1,200 per month child and spousal support obligation effective March 7, 1985, to June 30, 1993, (allocated as $900 for child support and $300 for spousal support) and $600 per month in child support only thereafter from July 1, 1993, to present.

Trial court order filed and docketed October 6, 1994. Husband challenges this order on the following basis:

1. In 1989, we affirmed the trial court's adjudication of contempt against Mr. Hrinkevich for refusing to pay accumulated arrearages on his court ordered spousal and child support obligation. *Hrinkevich v. Hrinkevich,* 391 Pa.Super. 645, 563 A.2d 198 (No. 2713 Philadelphia 1988, filed June 2, 1989). In 1994, we quashed husband's premature appeal from the trial court's entry of a decree in divorce because several economic issues remained unsettled between the parties. *Hrinkevich v. Hrinkevich,* 436 Pa.Super. 672, 648 A.2d 1240 (No. 2795 Philadelphia 1993, filed May 31, 1994).

THE COURT BELOW COMMITTED AN ERROR AT LAW AND AN ABUSE OF DISCRETION IN NOT GRANTING APPELLANT A HEARING ON THE MERITS, IN CREATING A NEW SUPPORT ORDER UNDER THE GUISE OF ORDERING A REVISION OF AN AUDIT, ERRED IN NOT GRANTING THE DEFENDANT A HEARING UPON THE DEFENSES RAISED BY THE STIPULATION AND FURTHER ERRED IN ATTEMPTING TO CREATE A NEW SUPPORT ORDER BY REVIEWING UNSUBSTANTIATED DOCUMENTATION WITHOUT A HEARING.

Appellant's brief at "i."

Before considering husband's contentions, we must first determine whether we may exercise jurisdiction over the appeal. *See Fried v. Fried,* 509 Pa. 89, 91–92, 501 A.2d 211, 212–13 (1985) (questions concerning appealability of an order go to the jurisdiction of the court to hear the appeal and may be raised *sua sponte*). The Rules of Civil Procedure applicable to support matters have recently been modified, effective March 1, 1995. These modifications are applicable to cases such as the present one which were pending on the effective date of the amendments. *Calibeo v. Calibeo,* 443 Pa.Super. 694, 698–700, 663 A.2d 184, 186 (1995). According to *Calibeo,* the net effect of these amendments is that the portion of a trial court order attributable to child support is final and immediately appealable; however, the portion of an order allocated to spousal support is interlocutory. *See id.* at 696–700, 663 A.2d at 185–86 (citing Rules of Civil Procedure 1910.16–1(a), 1910.16(b), 1920.31, and 1920.76).

Under *Calibeo,* this court has jurisdiction to consider claims related to child support, but we cannot address issues related to spousal support until a divorce decree has been entered and the certified record shows that no economic claims remain to be decided. *Id.* at 698–700, 663 A.2d at 186. *See* Pa.R.C.P. Nos. 1910.16(b) and 1920.56(b), 42 Pa.C.S.A. (an unallocated order granting both child and spousal support is final and appealable; no comparable provision permits the immediate appeal of a spousal support order). In this case, the divorce

decree has been entered. However, the trial court has explicitly taken under advisement certain issues relating to equitable distribution. *See* Trial Court Opinion filed February 2, 1995 at 1–2. Because these economic matters remain open, this court has jurisdiction to address husband's claims as they relate to child support, but we cannot consider any issues pertaining to spousal support. Therefore, we must quash that portion of the appeal which concerns spousal support.

The parties agree that prior to the trial court's action on October 4, 1994, they had entered into a stipulation which became a court order directing the Chester County Domestic Relations Department to conduct an audit. (On page 5 of his brief, husband states that the court order was dated January 25, 1994 while on page 8 he gives the date as March 1, 1994; wife avers that the order was dated March 1, 1994.) The parties also agree that they were entitled to notice of the dates on which the audit would be conducted, and that they had the right to be present during the audit. However, husband states that he was never given notice as to when the audit would actually be performed, and thus was deprived of his right to be present. Wife responds that husband was deprived of nothing because he never requested to attend the audit.

Unfortunately, we cannot verify any of these allegations because the trial court docket lacks entries covering the time period between October 18, 1993 and July 25, 1994. Furthermore, the trial court record, as certified to this court, contains no copies of any of the documents which the parties aver were filed during this interval. It is well-settled that the Superior Court may only consider documents properly incorporated within the certified record. *Gemini Equipment v. Pennsy Supply*, 407 Pa.Super. 404, 412 n. 5, 595 A.2d 1211, 1215 n. 5 (1991). A defect in the certified record is not cured merely because one of the parties provides copies of missing documents via the reproduced record. *Id.* Paper may not be made part of the certified record simply by reproducing it. *Id.*

■ The certified record consists of the original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court. *See* Pa.R.A.P., Rule 1921, 42 Pa.C.S.A. (Composition of record on appeal); *Frank v. Frank,* 402 Pa.Super. 458, 463 n. 5, 587 A.2d 340, 342–43 n. 5 (1991). "It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." *Fiore v. Oakwood Plaza Shopping Center, Inc.,* 401 Pa.Super. 446, 460–61, 585 A.2d 1012, 1019 (1991). "For purposes of appellate review, what is not of record does not exist." *Frank v. Frank, supra.*

■ The first entry in the certified record which deals with the audit at issue instantly is a copy of a Rule Returnable which wife filed on August 29, 1994 requesting review of the Domestic Relations Office's audit. Husband avers that he filed a request for continuance on the Rule Returnable because his attorney was ill. He also states that the trial court granted the continuance on September 19, 1994. However, these assertions are not reflected on the docket sheet, nor are they supported by any filings in the record as transmitted. Instead, the next entry in the certified record is a copy of wife's "Motion to Make Rule Absolute and Enter Order" which was filed September 26, 1994. Husband states that he responded to wife's motion by filing preliminary objections. The certified record not only lacks any documentation to support this averment, it does not even include a copy of the actual audit report. The next entry in the certified record following wife's motion, is the trial court order of October 4, 1994 which is the subject of the instant appeal.

The essence of husband's argument is that the effect of the October 4th order was to unlawfully and indirectly create a new support order while denying him the benefit of a hearing on the revisions to the audit. Husband also contends that wife's petition for review of the audit was untimely and that the trial court erred by entertaining it. Unfortunately, we are forced to conclude that there is no basis in the certified record

upon which we could possibly review any of husband's contentions. We must accordingly find husband's claims waived insofar as they concern the trial court's determination on child support. We therefore affirm the October 4th order as it relates to child support, and quash that portion of husband's appeal which concerns spousal support issues.

**No. 380 Philadelphia 1994**
**Appeal from the order entered**
**August 3, 1993**

 The challenged order at issue here is the decree of divorce. A divorce decree entered pursuant to an order for bifurcation is a final order. *Curran v. Curran,* 446 Pa.Super. 633, 635, 667 A.2d 1155, 1156 (1995). As previously explained, the trial court never formally granted bifurcation in this case. Nevertheless, this court has previously ruled that the entry of the divorce decree resulted in *de facto* bifurcation. *See Hrinkevich v. Hrinkevich,* (No. 2795 Philadelphia 1993, filed May 31, 1994) slip opinion at 2 n. 1. Because this is a bifurcated divorce, *Curran* requires us to consider the decree of divorce entered by the trial court as final and appealable. However, we are unable to address the merits of this appeal because husband has declined to identify any issues or present any arguments. Instead, husband states that he wishes to incorporate by reference the claims raised in the appeal lodged at No. 2795 Philadelphia 1993 (quashed May 31, 1994).

The Rules of Appellate Procedure do not authorize the adoption by reference of arguments introduced on prior appeal. Attempts to employ such unorthodox practices result in waiver of the claims thereby identified. *See Smathers v. Smathers,* 448 Pa.Super. 162, 670 A.2d 1159 (1996) (briefs which inadequately explain the claims at issue foreclose meaningful appellate review and may justify quashal); *Commonwealth v. Rodgers,* 413 Pa.Super. 498, 520, 605 A.2d 1228, 1239 (1992), *appeal denied,* 532 Pa. 655, 615 A.2d 1311 (1992) ("an appellate brief is simply not an appropriate vehicle for the incorporation by reference of matter appearing in previously filed legal documents").

In this case, husband has not even "identified" any issues. His entire discussion of the matter consists of the following statement: "Appellant will not duplicate his arguments made in the brief submitted and the record filed at No. 2795PHL93 which brief and record are incorporated herein by reference." Appellant's brief at 8. For appellant's benefit, we note that the Superior Court does not have an infinite storage capacity which enables us to retain copies of every brief ever filed with our Prothonotary. Moreover, the Superior Court Prothonotary returns the certified record to the trial court after we relinquish jurisdiction over an appeal. At this stage of the proceedings in the instant case, it is impossible to ascertain which portion of the voluminous record was previously in our possession. Because of the total inadequacy of husband's brief, we conclude that he has abandoned whatever claims he intended to raise in this appeal. We must therefore affirm the trial court's order entering the decree of divorce.

### No. 381 Philadelphia 1994
### Appeal from the order entered
### December 15, 1993

Husband's final appeal stems from a trial court order granting counsel fees to wife in the amount of five thousand eight hundred fifty-one dollars ($5,851.00). Judge MacElree has explained the rationale for this ruling in the following manner:

Appellant Husband in essence contends that there is no factual basis for our Order awarding counsel fees to Appellee Wife. The record is filled *ad nauseam* with findings by the Special Master that Husband's behavior was obdurate, vexatious and dilatory. We have reviewed the record and fully concur with the Master's findings. We also find the objection to be highly disingenuous considering our first contact with this case two (2) years ago in which Husband's counsel, in a chambers conference, conceded that Husband was his own worst enemy and that his dilatory actions were not defensible.

Further, the counsel fees awarded here, in light of the volume of litigation, are extremely conservative. We be-

lieve the record fully supports our conclusion that Husband should pay the portion of Wife's counsel fees awarded. We suggest that the Superior Court consider assessing Husband counsel fees for the cost to Wife of defending any untimely appeals.

Trial Court Opinion filed February 21, 1995 at 3.

■ Our Supreme Court has explained that an order granting counsel fees and costs is separable from and collateral to the main cause in a divorce action. *Fried v. Fried*, 509 Pa. at 94–95, 501 A.2d at 214. Nevertheless, this type of interim relief is not immediately appealable because the money paid pursuant to the court's order is not "unrecoverable" or "irreparably lost" until all of the equitable distribution claims have been resolved by the trial court and a final judgment has been entered. *Id.* at 95–96, 501 A.2d at 214–15. An interim order of counsel fees is interlocutory and non-reviewable until final disposition of all economic issues in the case. *Id.* at 97, 501 A.2d at 215. The certified record discloses that certain claims relating to equitable distribution remained unresolved between the parties at the time husband filed his notice of appeal. We therefore conclude that this appeal is premature and must be quashed.

■ As a final matter, we note that the trial court has requested us to assess counsel fees and costs against husband pursuant to Rules of Appellate Procedure 2741, 2743 and 2744, 42 Pa.C.S.A. We agree with the trial court that, as to all three appeals, wife is entitled to costs pursuant to Rules 2741(2) (costs taxable against the appellant upon affirmance of the trial court's order) and 2743(a)(1) (fees paid in the appellate court and cost of transcript). Furthermore, we agree that husband's behavior in failing to adequately identify and brief the issues he sought to "incorporate by reference" at Appeal No. 380 Philadelphia 1994 constitutes dilatory, obdurate and vexatious conduct of the type contemplated by Rule 2744. Finally, we agree that this appeal is "frivolous" within the meaning of Pennsylvania law and therefore grant counsel fees to wife in connection with Appeal No. 380 Philadelphia 1994.

We therefore remand the case so that the trial court may conduct a hearing to determine the amount of the taxable costs actually paid by wife for all three appeals, and assess reasonable counsel fees in connection with Appeal No. 380 Philadelphia 1994. After conducting a hearing in the matter, the trial court is directed to enter an order consonant with the above discussion.

The appeal at No. 3912 Philadelphia 1994 is quashed in part (as it relates to spousal support); the order entered October 4, 1994 is affirmed in part (as it pertains to child support). The order of August 3, 1993 is affirmed. The appeal at No. 381 Philadelphia 1995 is quashed as interlocutory. We grant costs and counsel fees to appellee pursuant to Rules of Appellate Procedure 2741, 2743 and 2744. The case is remanded for further proceedings consistent with this opinion. Superior Court jurisdiction is relinquished.