J-A16036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| T. M. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| L. M. | |
| Appellant | No. 2916 EDA 2014 |

Appeal from the Order September 16, 2014
In the Court of Common Pleas of Chester County
Civil Division at No(s): 01547N2012 PACSES No. 768113527

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 14, 2015**

L.M. (Father) appeals *pro se* from the trial court's order modifying an interim support order and directing him to pay:  (1) child support retroactive to September 19, 2012 through December 31, 2012, in the sum of $2,486.56; (2) child support from and after January 1, 2013, in the sum of $1,907.55/month;  (3)  spousal  support/alimony  *pendent  lite*  (APL) retroactive  to  September  19,  2012,  in  the  sum  of  $2,961/month;  (4) unreimbursed medical expenses to T.M. (Mother) in the sum of $2,448.35; and (5) support arrearages.  After careful review, we affirm.

The  parties  were  married  in  2004;  two  children  were  born  of  the marriage (born 7/06 and born 9/09) (collectively "Children").  Father filed

_____

[*] Retired Senior Judge assigned to the Superior Court.

for divorce in February 2011 and the parties subsequently separated. The divorce action was still pending at the time of this appeal.[1] On June 13, 2011, Father and Mother executed a marital settlement agreement indicating that they shared legal custody of Children and that Father would pay $2,039/month in child support and $2,961/month in spousal support/APL. The agreement does not contain a provision regarding modification of support.

Mother filed a complaint for support in September 2012 and an interim order was issued on October 19, 2012, wherein the court ordered Father to pay arrears of $2,054 immediately, as well as $2,300/month in APL and $1,795 in child support per month. This interim order was calculated based upon Father's 2011 income tax return, wherein the court attributed to Father a total gross income per pay period of $8,259.31. Mother was assigned an income of zero given that she is a stay-at-home mom.

On September 19, 2013, Father filed a motion to modify support, pursuant to Pa.R.C.P. 1910.19, based on a substantial change in his earnings. At the time, Father was $40,000 in arrears. The court held

_____

[1] While Husband purports to appeal from the trial court's order as it relates to both child and spousal support, we note that spousal support orders are not reviewable until all economic issues in a divorce are final. ***Hrinkevich v. Hrinkevich***, 676 A.2d 237 (Pa. Super. 1996). Thus, we will confine our review to Father's child support arguments. ***See*** Order of Court, 12/1/14 ("only issues regarding the child support portion of the order will be referred to the panel assigned to decide the merits of this appeal.").

hearings on Father's modification motion over the course of three days in January and February 2014. At the hearings, Father submitted evidence that his income was only $3,547/month (40% of what the court initially used to calculate the interim support order). In his motion, Father also requested that the court attribute an earning capacity to Mother pursuant to Pa.R.C.P. 1910.16-2(d)(4). On September 16, 2014, the court entered the instant modified support order; Father filed a motion to reconsider that order which was denied. This appeal follows, in which Father raises a single issue for our consideration: Whether the lower court committed an error of law in calculating support and denying [H]usband a modification after the substantial evidence supported a material reduction of income and that [W]ife failed to report income and obtain gainful employment?

The amount of a child support order is largely within the discretion of the trial court, whose judgment should not be disturbed on appeal absent a clear abuse of discretion. *Isralsky v. Isralsky*, 824 A.2d 1178, 1187 (Pa. Super. 2003) (citation omitted). An abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment. *Id.* A finding that the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground. *Id.*

Father claims that the trial court erred in not modifying its support order where the court did not consider Mother's failure to seek employment and her other sources of income, including a wealthy boyfriend that pays for

many of Mother's and Children's expenses.  Moreover, Father argues that he presented evidence of a substantially decreased income on his part that justifies a greater downward modification of the support order.  Specifically, Father claims that he has a 2% interest in Online Training Technologies (OTT), and due to OTT's substantial decline in revenue, his income has declined considerably.

"A provision of an agreement regarding child support, visitation or custody shall be subject to modification by the court upon a showing of changed circumstances."  23 Pa.C.S. § 3105(b).   When a party petitions to modify support, due to a substantial change in circumstances, a court may modify the amount, as follows:

> (c) Pursuant to a petition for modification, the trier of fact may modify or terminate the existing support order in any appropriate manner based upon the evidence presented without regard to which party filed the petition for modification. If the trier of fact *finds that there has been a material and substantial change in circumstances, the order may be increased or decreased depending upon the respective incomes of the parties, consistent with the support guidelines and existing law, and each party's custodial time with the child at the time the modification petition is heard.*

Pa.R.C.P. 1910.19(c) (emphasis added).   Father asserts that a downward deviation of his support obligation is appropriate and necessary based on the following provision:

> *Involuntary Reduction of, and Fluctuations in, Income*. No adjustments in support payments will be made for normal fluctuations in earnings. However, appropriate adjustments will be made for *substantial continuing involuntary decreases in income*, including but not limited to the result of illness, lay-off,

termination, job elimination *or some other employment situation over which the party has no control* unless the trier of fact finds that such a reduction in income was willfully undertaken in an attempt to avoid or reduce the support obligation.

Pa.R.C.P. 1910.16-2(d)(2) (emphasis added).

Father, the general manager of OTT since 2006, was a 50% owner of the business until he separated from Mother. At that time he sold 48% of his business interest to his mother. OTT provides on-line training to the financial services industry, such as loan companies, pawnbrokers, money stores, check marts, and similar institutions. OTT customizes training programs to its clients that permit them to develop job skills and compliance techniques in dealing with various subjects such as workplace harassment, forgery, fraud, and warranty sales methodologies. Although he does not receive a fixed salary, Father has operating control of the company, which includes control of the business's finances. As a result of his position, when OTT has sufficient cash flow, Father testified that he takes money from the business to compensate him for his work.

Instantly, the court did not credit Father's testimony regarding his "legitimate business expenses," finding 40% of those claimed expenses were actually *personal* expenses. *See Brotzman-Smith v. Smith*, 650 A.2d 471, 474 (Pa. Super. 1994) (assessment of credibility of witnesses within sole province of trial court). The court also made a factual finding that Cutting Edge Kitchen and Bath, an LLC that Father owns with his paramour, pays the monthly lease payment of $1,450 on his 2014 Mercedes Benz. The

trial court found the monthly Mercedes Benz payments were perquisites that constituted income for purposes of support. Father resides in a 14-room house in Phoenixville. The home is set on a two-acre lot and has a swimming pool. The property is mortgaged and in default.

The court believed Father's contention that OTT's revenue for the year 2013 had substantially decreased. In fact, the court concluded that because of this decrease, Father's income available for support purposes declined and attributed to him a gross income of $81,009[2] compared to his 2012 gross income of $152,288. **See** Trial Court Opinion, 9/16/14, at 19; **see also** 23 Pa.C.S. § 4302 (income is defined under Domestic Relations Code as "wages, salaries, bonuses, fees, compensation in kind, commissions and similar items; income derived from business . . . distributive share of partnership gross income . . . and any form of payment due to and collectible by an individual regardless of source).

The court also concluded that there was "no legitimate reason why [Mother] could not be gainfully employed as an esthetician, or other employment in which she is experienced[,]" **id.** at 22, and, appropriately, assigned Mother an earning capacity of $30,000. **See** Pa.R.C.P. 1910.16(d)(4) ("if the trier of fact determines that a party to a support

_____

[2] The court arrived at this figure by totaling: $46,686 in partnership income, $23,316 in perks from OTT, and the value of car payments in the amount of $11,006.92.

action has willfully failed to obtain or maintain appropriate employment, the trier of fact may impute to that party an income equal to the party's earning capacity."[3]).

Overall, the trial court's order is reasonable, taking into account both Father's decreased gross income from OTT, as well as assigning Mother an earning capacity of $30,000 despite the fact that she is a stay-at-home mom. The court applied the support guidelines correctly and the order does not place an excessive burden on Father. The fact that Mother's boyfriend may subsidize Mother's child care expenses does not offset Father's statutory obligation to pay his fair share under Pa.R.C.P. 1910.16-6(d) (allocation of reasonable additional child care expenses). In fact, Father's current child support obligation is $131.45/month less than what Father agreed to pay in the parties' 2011 marital settlement agreement. Accordingly, we find that the court did not abuse its discretion in fashioning the current child support order. *Isralsky*, *supra*.

Order affirmed.

---

[3] It is well established that a party's earning capacity is determined by considering her age, education, training, health, work experience, earnings history, and child care responsibilities. *See* Pa.R.C.P. 1910.16-2(d)(4). Earning capacity is the amount that a person realistically could earn under the circumstances, considering her age, health, mental and physical condition, training, earnings history, and child care responsibilities. *Id.*; *see* *Woskob v. Woskob*, 843 A.2d 1247 (Pa. Super. 2004).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/14/2015