27 P.3d 398

Carol Sueko SHIN, Plaintiff–Appellee,

v.

Stanley Son Oung SHIN, Jr.,
Defendant–Appellant.

No. 22994.

Intermediate Court of Appeals of Hawai'i.

June 20, 2001.

As Amended July 12, 2001.

Stanley S.O. Shin, Defendant–Appellant pro se, on the briefs.

Derek K. Tomita and Dexter T. Higa, Honolulu, (of counsel, Hirai, Lum & Tomita), on the briefs, for Plaintiff–Appellee.

BURNS, C.J., WATANABE and LIM, JJ.

Opinion of the Court by BURNS, C.J.

Defendant–Appellant Stanley Son Oung Shin, Jr. (Stanley), appeals the family court's [1] October 27, 1999 Divorce Decree (Divorce Decree). We affirm in part, vacate in part, and remand.

We affirm that part of the Divorce Decree deciding the issues of divorce, alimony/spousal support, child custody and visitation, child

---

1. District Family Court Judge Diana Warrington presided in this case.

support, health care, and educational expenses. The paragraphs relating to these issues are numbered as follows: 1, 2, 3, 4, 5, 6, 7, 8, 14, and 16 [2].

We vacate that part of the Divorce Decree deciding the issues of the division and distribution of the property and debts of the parties and the award of attorney fees and costs. The paragraphs relating to these issues are numbered as follows: 9, 10, 11, 12, 13, and 15.

## BACKGROUND

The relevant events occurred as follows:

| | |
|---|---|
| September 4, 1982 | Stanley and Plaintiff–Appellee Carol Sueko Shin (Carol) were married. |
| June 2, 1983 | Their son was born. |
| October 19, 1998 | Carol filed a Complaint for Divorce. At that time, Stanley was living in Illinois and was served by mail. |
| October 21, 1998 | Carol filed a Motion and Affidavit for Pre–Decree Relief. |
| November 16, 1998 | Stanley, appearing pro se, filed his Income and Expense Statement and Asset and Debt Statement. |
| November 27, 1998 | Stanley's attorney, Emmanuel G. Guerrero (attorney Guerrero), filed an affidavit in opposition to the October 21, 1998 motion for pre-decree relief. |
| December 23, 1998 | Carol filed a Motion for Pre–Decree Relief. |
| January 12, 1999 | The family court entered a pre-decree order on the October 21, 1998 motion. |
| May 20, 1999 | The family court entered a pre-decree order on the December 23, 1998 motion. |
| June 24, 1999 | Carol filed a Motion and Affidavit for Pre–Decree Relief. |
| July 20, 1999 | Carol filed a notice that on July 7, 1999, she filed a voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code, thereby activating the automatic stay specified in 11 U.S.C. § 362. |
| July 28, 1999 | The family court entered a pre-decree order on the June 24, 1999 motion. |
| September 2, 1999 | At a motion to set conference, attorney Guerrero appeared but Stanley did not. |
| September 10, 1999 | Pre–Trial Order No. 1 granted Carol's motion for entry of default and ordered Stanley to show cause at the September 23, 1999 settlement conference "why the entry of default should not enter." It also ordered the parties to brief the question of whether the case could lawfully proceed notwithstanding the stay generated by Carol's bankruptcy. |
| September 23, 1999 | Attorney Guerrero appeared at the settlement conference but Stanley did not. Carol "was granted her entry of Default Judgment and the Court granted [Carol's] Complaint for Divorce." |
| October 4, 1999 | On Stanley's behalf, attorney Guerrero filed a motion for reconsideration contending that the bankruptcy stay deprived the court of jurisdiction to proceed. |
| October 4, 1999 | Attorney Guerrero filed a motion to withdraw as counsel for Stanley. |
| October 13, 1999 | The Bankruptcy Court filed its Discharge of Debtor in Carol's case. |
| October 15, 1999 | At the hearing on Stanley's motion for reconsideration, attorney Guerrero appeared but Stanley did not. |
| October 18, 1999 | The family court entered its orders denying Stanley's motion for reconsideration and granting attorney Guerrero's motion to withdraw as counsel for Stanley. |
| October 27, 1999 | The court entered its Divorce Decree.[3] |
| November 23, 1999 | Stanley filed a notice of appeal. |
| December 30, 1999 | Carol filed a copy of the Bankruptcy Court's October 13, 1999 Discharge of Debtor. |
| February 14, 2000 | The court entered its Findings of Fact and Conclusions of Law (FsOF and CsOL), in relevant part, as follows: |

### A. FINDINGS OF FACT

. . . .

15. On June 22, 1999, [Carol] filed a Motion to Set; Position Statement; Asset and Debt and [I]ncome and Expense

---

**2.** The October 27, 1999 Divorce Decree states, in relevant part, as follows:

16. *Enforcement* Subject to the Family Court's approval, a party who fails to comply with this Agreement shall be liable to the other party for all of the legal fees and costs incurred and all of the damages suffered by the other party as a result of noncompliance. The Family Court shall have continuing jurisdiction over the parties and their property to enforce and implement the provisions of this Agreement. In the above paragraph, the twice-used word "Agreement" is the wrong word. The right word is "Decree."

**3.** The Divorce Decree states, in relevant part, as follows:

9. *Real Property* The terms of the bankruptcy proceeding in CAROL SUEKO SHIN, Debtor, No. 99–02920, filed on July 7, 1999 in the U.S. Bankruptcy Court, District of Hawaii ("No. 99–02920") shall govern the division of the property located at 1442 Lusitana Street, #303, Honolulu, Hawaii 96813."

Although, for obvious reasons, a copy of that bankruptcy court document should have been attached to the Divorce Decree, it was not. Neither was it made a part of the record.

Statement. The hearing on the Motion to Set was scheduled for September 2, 1999.

. . . .

17. On or about July 7, 1999, [Carol] filed a voluntary Chapter 7 bankruptcy petition. . . . The provisions of the automatic stay under 11 U.S.C. § 362 went into effect upon the filing of [Carol's] petition.

. . . .

19. On July 28, 1999, . . . Emmanuel Guerrero, Esq. appeared as substitute counsel for [Stanley]. . . .

20. On September 2, 1999, a hearing was held on [Carol's] Motion to Set filed June 22, 1999. [Stanley] failed to file a Position Statement pursuant to Rule 94 of the Hawaii Family Court Rules. Present at the hearing were [Carol], [Carol's] attorney and [Stanley's] attorney. [Stanley] was not present.

21. As a result of the hearing on September 2, 1999, the Court granted [Carol's] Motion for Entry of Default pursuant to Rule 37(b). The Court further ordered [Stanley] to appear in court on September 23, 1999, to show cause why Default should not enter. The Court further reserved [Carol's] request ·for Entry of Default Judgment and for an award of attorney's fees to the September 23, 1999, hearing. The Court further ordered that the failure of [Stanley] to appear at this hearing may result in the entry of default judgment against him.

22. On September 20, 1999, the Court approved [Stanley's] request to appear at the September 23, 1999, hearing by telephone.

23. On September 23, 1999, [Stanley] failed to appear either in person or by telephone. [Stanley's] attorney was present. The Court did not set aside the Default Judgment and granted the divorce.[4]

24. On October 4, 1999, [Stanley] filed a Motion for Reconsideration of the Court's entry of Default Judgment and entry of the Divorce Decree on September 23, 1999. On October. 4, 1999, [Stanley's] attorney also filed a motion to withdraw as counsel. The hearing on both motions was scheduled for October 15, 1999.

25. On October 13, 1999, [Carol] was granted a discharge under § 727 of Title 11, . . . .

26. On October 15, 1999, [Stanley] failed to appear after receiving notice. [Carol] and [Carol's] attorney were present. [Stanley's] attorney was present. [Carol's] attorney requested the Court to enter default against [Stanley] based upon his non-appearance. [Stanley's] attorney requested a continuance on the Motion for Reconsideration. The Court granted [Carol's] request for entry of default against [Stanley] and denied [Stanley's] counsel's request for a continuance. The Court further denied [Stanley's] Motion for Reconsideration and granted [Stanley's] counsel's motion to withdraw.

. . . .

## [B.] *CONCLUSIONS OF LAW*

. . . .

5. Having considered the relevant factors of [Hawai'i Revised Statutes] Section 580–47 and relevant case law, the Court approves of the provisions of the divorce decree filed on October 27, 1999.

6. The Court had the authority to enter a default against [Stanley] when he failed to appear at the September 23, 1999, hearing, and to grant the divorce.

7. Moreover, on October 15, 1999, when the court defaulted [Stanley] for his non-appearance at *his* Motion for Reconsideration hearing and when the Court subsequently denied said motion, the automatic stay provision . . . was not in effect[.]

## RELEVANT STATUTE

In relevant part, 11 U.S.C.A. § 362 (1995) specifies as follows:

---

4. We note that finding of fact (FOF) no. 23 differs from FOF no. 21 in that the former uses the ·phrases "why Default should not enter" and "reserved the Wife's request for Entry of Default Judgment" and the latter uses the phrases "did not set aside the Default Judgment" as if it had already been entered. Nevertheless, FOF no. 24 resolves the variance when it notes "the Court's entry of Default Judgment . . . on September 23, 1999."

**Automatic stay**

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, ... operates as a stay, applicable to all entities, of—

 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

 . . . .

 (3) any act to obtain possession of property of the estate or of property from the estate or to exercise · control over property of the estate;

 (4) any act to create, perfect, or enforce· any lien against property of the estate;

 . . . .

(b) The filing of a petition under section 301, 302, or 303 of this title, ... does not operate as a stay—

 . . . .

 (2) under subsection (a) of this section—

 (A) of the commencement or continuation of an action or proceeding for—

 (i) the establishment of paternity; or

 (ii) the establishment or modification of an order for alimony, maintenance, or support; or

 (B) of the collection of alimony, maintenance, or support from property that is not property of the estate[.]

## DISCUSSION

### A.

Stanley contends that the automatic stay in the bankruptcy case prohibited the family court from having hearings in the divorce case on September 2, 1999, and September 23, 1999, and that all actions taken at or in consideration of those hearings are void.

A decision on this issue requires a clear understanding of the parts of a divorce case to which 11 U.S.C. § 362(a) quoted above does not apply.[5]

 First, the automatic stay does not apply to the portion of the divorce case involving the dissolution of the marriage or custody of the children. *In re Rook,* 102 B.R. 490, 492 (Bankr.E.D.Va.1989); *Taylor v. Taylor,* 349 Pa.Super. 423, 503 A.2d 439 (1986).

 Second, the automatic stay does not apply to "the establishment or modification of an order for alimony, maintenance, or support." 11 U.S.C. § 362(b)(2)(A)(ii). This exclusion of "support" excludes both spousal support and child support. *In re Rook, supra; Crowley v. Crowley,* 715 S.W.2d 934 (Mo.Ct.App.1986).

Third, the automatic stay does not apply to the collection of alimony/spousal support, maintenance, or child support from property which is not property of the bankruptcy estate (including property acquired after the commencement of the case, exempted property, and property that does not pass to the bankruptcy estate). 11 U.S.C. § 362(b)(2)(B).

This divorce case is a proceeding commenced by Carol, the bankruptcy debtor. It has been said that

 the Code's automatic stay does not apply to judicial proceedings, ... that were initiated by the debtor. *See Merchants & Farmers Bank v. Hill,* 122 B.R. 539, 541 (E.D.Ark.1990), and cases cited. As the court said in *Martin–Trigona v. Champion Fed. Sav. & Loan Ass'n,* 892 F.2d 575, 577 (7th Cir.1989):

 The fundamental purpose of bankruptcy ... is to prevent creditors from stealing a march on each other ... and the automatic stay is essential to accomplishing this purpose. There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights.

---

**5.** The clearest way to handle such a problem is to obtain from the bankruptcy court specific express relief from the automatic stay. *In re White,*

851 F.2d 170. (6th Cir.1988); *In re Mac Donald,* 755 F.2d 715 (9th Cir.1985); *In re Teel,* 34 B.R. 762 (9th Cir. (1983)).

*Brown v. Armstrong,* 949 F.2d 1007, 1009–10 (8th Cir.1991). The instant case demonstrates that the statement that "the Code's automatic stay does not apply to judicial proceedings, ... that were initiated by the debtor" is an overstatement.

Carol filed for bankruptcy during the divorce proceedings. Carol's bankruptcy estate includes her property and debts at the time she filed for the bankruptcy. Presumably, her bankruptcy estate's property and debts are Marital Partnership Property as defined in *Jackson v. Jackson,* 84 Hawai'i 319, 933 P.2d 1353 (1997). At the time of the decree terminating the marriage, the bankruptcy estate's Marital Partnership Property (assets and debts) may be Marital Partnership Property that the family court may award to one or the other or both parties. A consequence of the family court's award to Stanley of more bankruptcy estate/Marital Partnership Property assets and less bankruptcy estate/Marital Partnership Property debts would be an award of less bankruptcy estate/Marital Partnership Property assets and more bankruptcy estate/Marital Partnership Property debts to Carol and vice versa. It follows that, with respect to Stanley's rights and claims regarding the division and distribution of Marital Partnership Property (assets and debts) of the parties and the award of attorney fees and costs, this divorce case was a "proceeding against the debtor." The fact that Carol initiated the divorce case does not change that conclusion.

A debtor may exempt certain property from the bankruptcy estate. 11 U.S.C.A. § 522 (1995). "Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C.A. § 522(1) (1995). In her answering brief, Carol discusses exemptions she allegedly claimed or did not claim in the bankruptcy case. This discussion is improper because there is no evidence in the record of this divorce case of the exemptions Carol did and did not claim in the bankruptcy case.

■ Considering all of the above, we conclude that the automatic stay did not apply to family court proceedings regarding the divorce, alimony/spousal support, child custody and visitation, child support, healthcare, and educational expenses. On the other hand, the automatic stay applied to family court proceedings involving Stanley's rights and claims regarding the division and distribution of property and debts of the parties and the award of attorney fees and costs. This means that all family court orders post-July 7, 1999, and pre-October 13, 1999, involving Stanley's rights and claims regarding the division and distribution of property and debts of the parties and the award of attorney fees and costs are void. Therefore, solely with respect to Stanley's rights and claims regarding the division and distribution of property and debts of the parties and the award of attorney fees and costs, the actions taken by the family court at or in consideration of the hearings on September 2, 1999, and September 23, 1999, are void. More specifically, to the extent that parts of the September 10, 1999 Pre–Trial Order No. 1's entry of default judgment, and of the September 23, 1999 entry of Default Judgment and granting of Carol's Complaint for Divorce affect the division and distribution of property and debts of the parties and the award of attorney fees and costs, those parts are void. The following paragraphs of the Divorce Decree are also void:

9. *Real Property*

10. *Personal Property*

11. *Debt*

12. *Tax Matters*

13. *Payment for Property Division*

15. *Attorneys' Fees*

In all other respects, the Divorce Decree is valid and enforceable.

### B.

Stanley contends that the "Family Court abused its discretion in finding [Stanley] in default for the September 2, 1999, Motion to Set Hearing despite [Stanley] not having legal representation due to [Stanley's] attorney Emmanuel Guerrero's absence from the hearing."

Stanley's discussion of this issue is improper because it is not based on the record. There is no evidence in the record that attorney Guerrero was absent from the September 2, 1999 hearing. The transcript of the

hearing is not a part of the record. In his opening brief, Stanley alleges that attorney Guerrero did not remain at the September 2, 1999 hearing because of an emergency involving his daughter. However, this allegation is not supported by the record.

### C.

Stanley complains that attorney Guerrero was negligent and ineffective.[6] Specifically, he complains, "I was not properly informed by Mr. Guerrero that the Motion to Set Hearing was allowed to be held on September 2, 1999"; and "Mr. Guerrero also misled me into believing that the Motion to Set hearing was continued to September 23, 1999, and I had no idea that a 'Settlement Conference' was scheduled for that day."

In reaction to FOF no. 20, Stanley responds that "[Stanley] is being blamed for not filing a Position Statement pursuant to Rule 94 HFCR. [Attorney Guerrero] did not make any provisions in doing so. So why am I being blamed for ineffective counsel?" In reaction to FOF no. 21, Stanley responds, "I was *not* served notice of this order and there were [sic] *no* Certificate of Service issued." (Emphasis in the original.) In reaction to FOF no. 22, Stanley responds, "I *did not request* to appear at the September 23, 1999, hearing by telephone." (Emphasis in the original.) In reaction to FOF no. 24, Stanley responds, "Mr. Guerrero sent me the Motion for Recon with no hearing date. I was not properly informed."

The answer to Stanley's basic question, "why am I being blamed for ineffective counsel," is the rule of law that the attorney-client relationship is that of principal and agent and, although an attorney cannot compromise and settle a client's claim without specific authorization to do so, the client is bound by his or her attorney's acts and/or failures to act within the scope of attorney's authority. *Alt v. Krueger*, 4 Haw.App. 201, 207, 663 P.2d 1078, 1082 (1983).

Consistent with the above rule of law, Rule 5(b) of the Hawai'i Family Court Rules states

that "[w]henever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the court."

### CONCLUSION

Accordingly, we affirm that part of the October 27, 1999 Divorce Decree deciding the issue of divorce, alimony/spousal support, child custody and visitation, child support, healthcare, and educational expenses. We vacate that part of the Divorce Decree deciding the issue of the division and distribution of the property and debts of the parties and attorney fees and costs. Specifically, we vacate the following paragraphs of the Divorce Decree:

9. *Real Property*

10. *Personal Property*

11. *Debt*

12. *Tax Matters*

13. *Payment for Property Division*

15. *Attorneys' Fees*

In all other respects, the Divorce Decree is valid and enforceable.

We remand for further proceedings consistent with this opinion. In doing so, we remind the family court of the time limit specified in HRS § 580–56(d) (1993) and discussed in *Todd v. Todd*, 9 Haw.App. 214, 832 P.2d 280 (1992).

---

6. In his opening brief, Stanley notes that "[a] complaint [h]as been filed with the Office of Disciplinary Council [sic]."