**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000662
21-NOV-2025
07:55 AM
Dkt. 44 SO**

NO. CAAP-23-0000662

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DEUTSCHE BANK NATIONAL TRUST COMPANY AMERICAS AS INDENTURE TRUSTEE FOR THE REGISTERED HOLDERS OF SAXON ASSET SECURITIES TRUST 2005-1 MORTGAGE LOAN ASSET BACKED NOTES, SERIES 2005-1, Plaintiff-Appellee, v. YUN RU, Defendant-Appellant, and KAOHE RANCH SUBDIVISION HOMEOWNERS' ASSOCIATION; KAOHE RANCH ROAD MAINTENANCE CORPORATION; and MORDEHAI ASAF AND LIORA ASAF, TRUSTEES OF THE ASAF FAMILY TRUST, DATED JUNE 1, 2015, Defendants-Appellees, and JOHN DOES 1-10; JANE DOES 1-10, DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CCV-20-0000480)


**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Chief Judge, Leonard and Hiraoka, JJ.)

Yun **Ru** appeals from the ***Order*** *Denying Defendant Yun Ru's Motion to Set Aside Default Judgments for Foreclosure of Mortgage and Confirmation of Foreclosure Sale and Related Orders* entered by the Circuit Court of the Third Circuit on November 1, 2023.[1]  We affirm because Ru has not shown her default was not the result of inexcusable neglect or a wilful act.

**Deutsche Bank** National Trust Company Americas sued Ru to foreclose a mortgage on real property on Hawai'i Island.  The foreclosure complaint was filed on December 30, 2020.  Ru was served on January 31, 2021.  She didn't respond to the complaint.

---

[1]    The Honorable Robert D.S. Kim presided.

The record does not show she asked Deutsche Bank's counsel for more time to respond. Her default was entered on February 26, 2021. She did not retain counsel until March 9, 2021.

Deutsche Bank moved for default judgment on August 27, 2021. It then moved for two loss-mitigation stays under Hawaii Revised Statutes § 454M-5.5(k). The Circuit Court granted both motions. The second stay expired by its terms on March 28, 2022.

On April 13, 2022, the Circuit Court entered findings of fact, conclusions of law, and an order granting the motion for default judgment. A default judgment and decree of foreclosure was also entered on April 13, 2022.

The foreclosure commissioner's report was filed on August 29, 2022. Deutsche Bank was the only bidder at the foreclosure auction. Deutsche Bank moved to confirm the commissioner's sale on August 31, 2022. Ru didn't oppose the motion. The motion was granted. A judgment confirming the sale and a writ of ejectment were entered on January 11, 2023.

At no point before entry of the judgment confirming the foreclosure sale did Ru attempt to set aside her default. She moved to set aside the default judgment and judgment confirming sale on August 16, 2023. The Order denying the motion was entered on November 1, 2023. This appeal followed.

Ru sought relief under HRCP Rule 60(b)(6). The rule provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time[.]

We review a trial court's denial of an HRCP Rule 60(b) motion for abuse of discretion. James B. Nutter & Co. v. Namahoe, 153 Hawaiʻi 149, 162, 528 P.3d 222, 235 (2023). A "strong showing is required to establish" abuse of discretion by the trial court. Id.

A party moving to set aside a default judgment must show three things: (1) the nondefaulting party will not be

2

prejudiced by the reopening; (2) the defaulting party has a meritorious defense; and (3) the default was not the result of inexcusable neglect, or a wilful act. Chen v. Mah, 146 Hawaiʻi 157, 160, 457 P.3d 796, 799 (2020). The elements are cumulative.

Ru has not shown her default wasn't the result of inexcusable neglect or a wilful act. She submitted a declaration to support her motion to set aside the default judgment. She did not deny being served with Deutsche Bank's complaint on January 31, 2021. She did not state she tried to contact Deutsche Bank's counsel to ask for more time to respond to the complaint. She did not explain why she could not have filed a response to the complaint, representing herself, before it became due on February 22, 2021. She did not retain an attorney until after the circuit court clerk entered her default. On this record, we conclude that Ru's default was the result of inexcusable neglect, or a wilful act.

Ru argues her attorney didn't set aside the entry of her default, didn't oppose the motion for default judgment, and was grossly and inexcusably negligent.[2] She contends that constitutes "exceptional circumstances" warranting relief from the default judgment.

Ru relies on U.S. Bank Nat'l Ass'n v. Salvacion, No. 30594, 2011 WL 1574585 (Haw. App. Apr. 26, 2011) (mem. op.). There, Salvacion's HRCP Rule 60(b) motion to set aside a foreclosure judgment — not a default judgment — was denied. Salvacion's former attorney filed her answer to the complaint in the wrong circuit; didn't file an opposition to U.S. Bank's motion for summary judgment; appeared at the summary judgment hearing by telephone without permission; didn't move for

---

[2] Ru's former attorney filed a notice of appearance on May 15, 2021. The record doesn't reflect what Ru's attorney did after appearing, but Deutsche Bank's first motion for a loss mitigation stay was filed on November 29, 2021. We infer that counsel was attempting to negotiate a settlement with Deutsche Bank on Ru's behalf. At any rate, "the attorney-client relationship is that of principal and agent and . . . the client is bound by his or her attorney's acts and/or failures to act within the scope of [the] attorney's authority." Shin v. Shin, 96 Hawaiʻi 122, 127, 27 P.3d 398, 403 (App. 2001).

reconsideration of the summary judgment despite the circuit court's invitation to do so; didn't file a notice of appeal from the foreclosure judgment; and didn't inform Salvacion of the judgment until the commissioner tried to hold an open house.  Id. at 2011 WL 1574585, at *8.

The circuit court had applied the three-part test for setting aside a default judgment.  We stated:

> ***In this case, there was no default judgment***.  Therefore, . . . the proper legal standard to address the alleged gross misconduct of Salvacion's prior counsel was whether there were "exceptional circumstances" warranting the extraordinary relief available under HRCP Rule 60(b)(6).  Because ***the circuit court failed to apply the correct legal standard***, we vacate that portion of the circuit court's order denying relief under HRCP Rule 60(b)(6) and remand the case back to the circuit court to determine whether Salvacion demonstrated exceptional circumstances sufficient to warrant relief from the foreclosure judgment under HRCP Rule 60(b)(6).

Id. at 2011 WL 1574585, at *9 (emphasis added).

This case involves a default judgment.  The "exceptional circumstances" test does not apply; the three-part Chen v. Mah test does.  Ru has not shown her default was not the result of inexcusable neglect or a wilful act.  We need not address the other two parts of the cumulative test.  The Circuit Court acted within its discretion by denying Ru's HRCP Rule 60(b)(6) motion.

The November 1, 2023 *Order Denying Defendant Yun Ru's Motion to Set Aside Default Judgments for Foreclosure of Mortgage and Confirmation of Foreclosure Sale and Related Orders* is affirmed.

DATED: Honolulu, Hawaiʻi, November 21, 2025.

On the briefs:

Frederick J. Arensmeyer,
for Defendant-Appellant
Yun Ru.

Zachary K. Kondo,
Mary Martin,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge