J-A03014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.L. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| S.G. | |
| Appellee | No. 1487 MDA 2014 |

Appeal from the Order Entered August 6, 2014
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 2013-10899

BEFORE:  MUNDY, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED APRIL 21, 2015**

Appellant, M.L. (Father), appeals from the August 6, 2014 custody order granting Appellee, S.G. (Mother), primary physical custody, Father partial physical custody, and the parties shared legal custody with respect to their son, L.G., born out of wedlock in January of 2013.  After careful review, we affirm.

The trial court summarized the relevant facts and procedural history as follows.

> [On September 13, 2013, Father] filed a Complaint in Custody seeking primary physical and shared legal custody of L.G. [ ].  [Mother] filed a Counterclaim seeking primary physical custody of the minor child. Father and Mother are the biological parents of the aforesaid child.
>
> From L.G.'s date of birth through October 15, 2013[,] there was no custody order in effect.  By way of Father's Special Relief Petition [filed on

September 26, 2013], a hearing was held on October 15, 2013. As a result of this hearing, th[e trial c]ourt entered … the first custody order in this matter which called for shared physical custody with a 4/3[,] 3/4 alternating schedule of physical custody. The duration of this court order was only to last until the Custody Conference of November 5, 2013.

An agreement on the issue of custody could not be reached via Conciliatory Custody Conference held on November 5, 2013 resulting in this matter being listed for trial. The parties did enter into an agreement concerning holiday scheduling for Thanksgiving and Christmas 2013 and Easter 2014 with the assistance of Dr. Lewis, Ph[.]D, the Custody Evaluator, appointed by the [trial c]ourt with no objection by either party….

The custody trial commenced … on March 4, 2014[,] continuing with testimony and evidence being received over eleven days spanning[1] March and April until concluding on May 19, 2014….

_____
[1] Testimony and evidence was received by th[e trial c]ourt on March 4, 5, 12, 13, 18, and 26; April 3, 9, and 19; May 7 and 19, 2014.

Trial Court Opinion, 8/6/14, at 1-2 (footnote in original).

By order dated August 6, 2014, the trial court granted the parties shared legal custody, Mother primary physical custody, and Father partial physical custody on alternating weekends and every Wednesday from 2:00 p.m. until 7:00 p.m. On August 29, 2014, Father timely filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i). On September 17, 2014, the trial court issued its Rule 1925(a) opinion discussing Father's issues and adopting its August 6, 2014 opinion.

On appeal, Father presents the following issues for our review.

> 1. Did the trial court err as a matter of law and/or [sic] an abuse of discretion in failing to hold a hearing on the **Frye**[1] motion or deciding the **Frye** motion before adopting the expert's report and recommendation and rendering its decision[?]
>
> 2. Did the trial court err as a matter of law and/or [sic] abuse of discretion by failing to consider the **Frye** motion and denying the opportunity to have an expert testify in support of the **Frye** motion[?]
>
> 3. Did the trial court err as a matter of law and/or [sic] abuse of discretion by denying an opportunity to have an expert testify[?]
>
> 4. Did the trial court err as a matter of law and/or [sic] an abuse of discretion by failing to do its own analysis and in its wholesale adopting Dr. Lewis's opinion as its own opinion[?]
>
> 5. Did the trial court err as a matter of law and/or [sic] an abuse of discretion in its application of the enumerated factors under [23 Pa.C.S.] § 5328 by:
>
>> a. In not consistently applying the same facts to different factors;
>>
>> b. Failing to apply the evidence and testimony;
>>
>> c. Failing to apply current case law.
>
> 6. Did the trial court err as a matter of law and/or [sic] an abuse of discretion by accepting Dr. Lewis's position on "attached theory," factor 10, when Dr. Lewis testified that there is no attachment problem and the parties stipulated that there was no attachment issue[?]

---

[1] **Frye v. United States**, 293 F. 1013 (D.C. Cir. 1923).

Father's Brief at i-ii.

The scope and standard of review in custody matters is as follows.

> [T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it…. However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination…. Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

*R.M.G., Jr. v. F.M.G.*, 986 A.2d 1234, 1237 (Pa. Super. 2009) (*quoting* *Bovard v. Baker*, 775 A.2d 835, 838 (Pa. Super. 2001)). Moreover,

> [O]n issues of credibility and weight of the evidence, we defer to the findings of the trial [court] who has had the opportunity to observe the proceedings and demeanor of the witnesses.
>
> The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

*R.M.G., Jr., supra* at 1237 (internal citations omitted). The test is whether the evidence of record supports the trial court's conclusions. *Ketterer v. Seifert*, 902 A.2d 533, 539 (Pa. Super. 2006).

***A.V. v. S.T.***, 87 A.3d 818, 820 (Pa. Super. 2014) (parallel citations omitted).

The primary concern in any custody case is the best interests of the child. "The best-interests standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual wellbeing." ***Saintz v. Rinker***, 902 A.2d 509, 512 (Pa. Super. 2006), *citing* ***Arnold v. Arnold***, 847 A.2d 674, 677 (Pa. Super. 2004).

Relevant to this custody case are the factors set forth in Section 5328(a) of the Child Custody Act (Act),[2] which provides as follows.

> **§ 5328.   Factors to consider when awarding custody.**
>
> **(a) Factors.** – In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:
>
>> (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.
>>
>> (2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

_____

[2] 23 Pa.C.S.A. §§ 5321-5340.

(2.1) The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is

not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).[3]

This Court has stated that, "**[a]ll** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order." ***J.R.M. v. J.E.A.,*** 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis in original).

> Section 5323(d) provides that a trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). Additionally, "section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [Section 5328 custody] factors prior to the deadline by which a litigant must file a notice of appeal." ***C.B. v. J.B.,*** 65 A.3d 946, 955 (Pa. Super. 2013), *appeal denied*, 70 A.3d 808 (Pa. 2013)….
>
> In expressing the reasons for its decision, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." ***M.J.M. v. M.L.G.,*** 63 A.3d 331, 336 (Pa. Super.

_____

[3] The Act was amended, effective January 1, 2014, to include the additional factor at Section 5328(a)(2.1).

> 2013), *appeal denied*, 68 A.3d 909 (Pa. 2013). A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with Section 5323(d). ***Id.***

***A.V.***, ***supra*** at 822-823. In this case, the trial court addressed all of the Section 5328(a) custody factors in its opinion that accompanied the subject order. ***See*** Trial Court Opinion, 8/6/14, at 3-14. Therefore, we may now turn to Father's issues raised on appeal.

Upon review of the record, we conclude that Father's issues on appeal are waived for lack of a complete record. Specifically, as set forth above, the protracted custody trial lasted eleven days, beginning on March 4, 2014, and concluding on May 19, 2014. The certified record before this Court includes transcripts from the trial on March 4, 5, and 26, 2014, but transcripts from the additional eight days of the trial are not a part of the record. Further, the trial exhibits are not a part of the certified record. This Court's prothonotary contacted the trial court's prothonotary in an attempt to learn the whereabouts of the remaining trial transcripts. As part of this Court's inquiry, we spoke to the supervisor of the prothonotary/clerk of courts. Our search proved unavailing, as the trial court's prothonotary did not have the transcripts.[4]

---

[4] This Court made three separate inquiries of the trial court's prothonotary regarding the missing transcripts. We advised the prothonotary that Father filed a reproduced record that included transcripts for the proceedings on March 12 and 18, 2014, and portions of the transcripts for the proceedings
*(Footnote Continued Next Page)*

"It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." *Hrinkevich v. Hrinkevich*, 676 A.2d 237, 240 (Pa. Super. 1996) (citation omitted); *accord Kessler v. Broder*, 851 A.2d 944, 950 (Pa. Super. 2004), *appeal denied*, 868 A.2d 1201 (Pa. 2005). It is the appellant's responsibility to ensure that the necessary transcripts are included in the record. "It is not for an appellate court to scour the dockets of the various prothonotaries to confirm or deny allegations of any party to an appeal." *Fiore v. Oakwood Plaza Shopping Ctr., Inc.*, 585 A.2d 1012, 1019 (Pa. Super. 1991); *accord Preston*, *supra* at 7-8. Where an appellant fails to fulfill his obligation, "the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal." Pa.R.A.P. 1911(d).

_____
*(Footnote Continued)*

on April 9, 2014, May 7 and 19, 2014, none of which are included in the certified record. In addition, Mother filed a supplemental reproduced record that included transcripts for the proceedings on April 3 and 9, 2014, and May 7, 2014, which also are not a part of the certified record. Nonetheless, the prothonotary advised this Court that Father did not request or pay for the trial transcripts. Upon review, there is no request for transcripts by Father in the certified record. Notably, "if a document is not in the certified record, the Superior Court may not consider it." *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*), *appeal denied*, 916 A.2d 637 (Pa. 2007). Pennsylvania Rule of Appellate Procedure 1921 provides that the certified record consists of the "original papers and exhibits filed in the lower court, paper copies of legal papers filed with the Prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court." Pa.R.A.P. 1921.

In this case, without transcripts from the entire custody trial and the exhibits made a part of the certified record, we are unable to conduct a proper review of the issues raised in this appeal. Therefore, we must conclude that the issues are waived on this basis. ***See generally Commonwealth v. O'Black***, 897 A.2d 1234, 1238 (Pa. Super. 2006).[5] Accordingly, we affirm the trial court's August 6, 2014 custody order.

Order affirmed.

Judge Jenkins joins the memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2015

---

[5] We note "[s]ince the Rules of Appellate Procedure apply to criminal and civil cases alike, the principles enunciated in criminal cases construing those rules are equally applicable in civil cases." ***Lineberger v. Wyeth***, 894 A.2d 141, 148 n.4 (Pa. Super. 2006), *citing* ***Kanter v. Epstein***, 866 A.2d 394, 400 n.6 (Pa. Super. 2004), *appeal denied*, 880 A.2d 1239 (Pa. 2005), *cert. denied*, ***Spector Gadon & Rosen, P.C. v. Kanter***, 546 U.S. 1092 (2006).