J-A14036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.M., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| K.W., | |
| Appellant | No. 76 MDA 2016 |

Appeal from the Order Entered December 24, 2015
in the Court of Common Pleas of Schuylkill County
Civil Division at No.: S-523-2014

BEFORE:  BOWES, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 24, 2016**

K.W. (Mother) appeals from the order of the Court of Common Pleas of Schuylkill County (trial court), entered December 24, 2015.  The order grants the petition for sanctions and special relief filed by J.M. (Father).  The court awarded Father counsel fees and interim shared legal and physical custody of their son, B.M., born in May of 2011, and their daughter, V.M., born in November of 2012 (Children), where Mother previously had exercised primary physical custody.  We affirm in part, reverse in part, quash in part, and remand for the recalculation of the attorney fees award.

Father filed a complaint in custody on March 20, 2014.  On March 21, 2014, in open court, the parties entered into a stipulated order of temporary

---

[*] Retired Senior Judge assigned to the Superior Court.

custody of the Children that provided Mother primary physical custody and established a schedule of partial physical custody for Father.

Several scheduling orders were entered that specifically prohibited relocation, including the March 25, 2014 order scheduling the custody conference. (**See** Order, 3/25/14). On April 25, 2014, Mother filed a counterclaim to the custody complaint and a notice of proposed relocation in which she proposed to relocate the Children from her current residence in Pottsville, Schuylkill County, to Lancaster, Lancaster County. Father filed a counter-affidavit objecting to Mother's proposed relocation. On April 30, 2014, the court ordered a custody and home evaluation be completed by Joseph B. Sharis, Ph.D. Dr. Sharis recommended that the parties share custody. (**See** Report of Custody Conciliation Conference, 12/01/14, at unnumbered page 2).

Father filed a petition for special relief and contempt in which he asserted that Mother had relocated to Lancaster, Pennsylvania, without trial court permission, that she was cohabitating with a male paramour, and refuses to agree to the Children's school enrollment. (**See** Petition for Special Relief and Contempt, 9/23/15, at unnumbered pages 1-2). The court held a hearing on December 8, 2015. Evidence presented at that hearing established that Mother had relocated to Lancaster, (**see** N.T. Hearing, 12/08/15, at 57, 98-99); was in a relationship with another man, (**see id.** at 9-12); and had enrolled B.M. in a preschool without Father's

knowledge or consent, (*see id.* at 103).  Based on that evidence, the trial court, on December 24, 2015, entered an interim order of custody granting shared legal and physical custody to the parties, and granting Father's request for attorney fees.[1]

Mother filed her timely notice of appeal and statement of errors complained of on appeal on January 12, 2016.  *See* Pa.R.A.P. 1925(a)(2)(i). The trial court entered an opinion on January 26, 2016.  *See* Pa.R.A.P. 1925(a).

Mother presents the following questions for our review:

> I. Did the [trial] court err and abuse its discretion by adjudicating [Mother] in contempt of court, where the petition for contempt did not contain the notice and order to appear, as mandated by [Pa.R.C.P. 1915.12] and no order which was allegedly violated was either referenced in the petition or attached to the petition, as mandated by Pa.R.C.P. 1915.12(b) and (c)?

> II. Did the [trial] court err and abuse its discretion by finding [Mother] in contempt of court as a result of her move from Pottsville, Schuylkill County, Pennsylvania to Lancaster, Lancaster County, Pennsylvania, without leave of court, where none of the existing custody orders contained the required "relocation" language, as mandated under the Pennsylvania Rules of Civil Procedure and the laws of the Commonwealth of Pennsylvania, and where [Mother's] move was not a relocation, which is defined as: "a change in a residence of a child which significantly impairs the ability of a non-relocating party to

_____

[1]  In his petition, Father also asked the trial court to require Mother to pay the cost of a private detective.  The trial court denied that request.  Father asked for, and the trial court granted reconsideration of that denial.  The issue of the cost of the private detective is therefore not before us.

exercise custodial rights[,"] since [Mother's] move to Lancaster County did not significantly impair [Father's] ability to exercise his custodial rights, and he in fact was receiving more time with his Children than the original custody order provided, and [Mother] and [Father] always chose the pick[-]up and drop[-]off location, and [Father] never missed any of his custodial time following [Mother's] move to Lancaster County, Pennsylvania?

III. Did the [trial] court err and abuse its discretion by finding that [Mother] was in contempt as a result of her enrolling [B.M.] in preschool, allegedly without [Father's] knowledge, permission or consent, where none of the custody orders which were then in place contained "legal custody" provisions, and [B.M.] was attending preschool only during the time when it was [Mother's] custodial period?

IV. Did the [trial] court err and abuse its discretion by specifically finding that "an appropriate sanction (for contempt) is to award shared custody until the parties undergo trial[,"] and did the [trial] court err and abuse its discretion by imposing as a sanction for contempt a significant modification of the existing custody order, from a primary physical custody order to a shared custody order?

(Mother's Brief, at 4-5).[2]

We first consider whether this appeal is properly before us. It is well-settled that an order that includes a present finding of contempt and the imposition of sanctions is immediately appealable. *See Stahl v. Redcay*, 897 A.2d 478, 487 (Pa. Super. 2006), *appeal denied*, 918 A.2d 747 (Pa. 2007). However, "a custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution

_____

[2] Unnecessary capitalization removed.

- 4 -

of the custody claims pending between the parties." ***G.B. v. M.M.B.***, 670 A.2d 714, 720 (Pa. Super. 1996) (footnotes omitted).[3]

In this case, the December 24, 2015 order included a finding of contempt against Mother and the imposition of sanctions. (***See*** Order, 12/24/15, at unnumbered page 8). We conclude that Mother's questions about whether the court properly found her in contempt are properly before us. ***See Stahl***, ***supra*** at 487. However, because an interim custody order is not immediately appealable, any challenge to the court's temporary custody award is not properly before us because the court, at the time of entering those terms, contemplated that they were not final, but only intended as a temporary solution pending the custody trial. (***See*** Trial Court Order, 12/14/15, at unnumbered page 7 ("[T]he parties have a pending custody trial. . . . An appropriate sanction is to award shared custody until the parties undergo trial."); ***see also G.B.***, ***supra*** at 720. Therefore, we quash that portion of Mother's appeal that challenges the interim custody order. ***See Hrinkevich v. Hrinkevich***, 676 A.2d 237, 239 (Pa. Super. 1996) ("We must quash that portion of the appeal which concerns spousal

---

[3] In a situation such as the one before us, a trial court has the inherent power to issue an interim order of custody. ***See*** Pa.R.C.P. 1915.13 ("At any time after commencement of the action, the court may on application or its own motion grant appropriate interim or special relief. The relief may include, but is not limited to, the **award of temporary legal or physical custody**[.] . . .") (emphasis added).

support[]" pending final divorce decree.). We will consider Mother's first three issues because they challenge the court's contempt findings.

It is well-settled that:

> The contempt power is essential to the preservation of the court's authority and prevents the administration of justice from falling into disrepute. When reviewing an appeal from a contempt order, the appellate court must place great reliance upon the discretion of the trial judge. On appeal from a court's order holding a party in contempt of court, our scope of review is very narrow. We are limited to determining whether the trial court committed a clear abuse of discretion.

*Garr v. Peters*, 773 A.2d 183, 189 (Pa. Super. 2001) (quotation marks and citations omitted).

The gravamen of Mother's first issue is that she was not given proper notice of the contempt hearing and an opportunity to be heard. (**See** Mother's Brief, at 22-31). This issue does not merit relief.

It is well-settled that "[p]rocedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *Garr, supra* at 191 (citations and internal quotation marks omitted).

In this case, Father's petition for special relief and contempt contained clear and unambiguous language stating why he sought a finding of contempt and the relief he requested. The first page of Father's petition is a proposed order of court that provides:

> 1. [Father] is granted primary custody until further order of court;

2. the minor children shall be enrolled in school within the school district in which [Father] resides;

3. [Mother] shall pay all attorney fees and costs [Father] incurred with respect to [Mother] relocating, including any expense to establish [Mother's] relocation, any filing fees for [Father's] [p]etition, and any attorney fees and costs [Father] incurred to establish [Mother's] relocation or to litigate the issue of [Mother] relocating.

4. [Father] shall provide [Mother] a statement of all fees and costs [Father] incurred in establishing [Mother's] relocation, which fees and costs [Mother] shall pay to [Father] within thirty (30) days thereafter.

5. Neither party shall subject the children to persons they are romantically interested in until a final [o]rder of custody is entered and the other parent is informed of the identity of the romantic interest.

(Petition for Special Relief and Contempt, 9/23/15, at attached Order of Court).  In addition, paragraph six of Father's petition put Mother on notice that he was seeking a finding of contempt, the reason for his request, and the remedy he sought.  Paragraph six states:

6.   As Mother has relocated without Father's knowledge or consent, Father seeks a finding of contempt or that Mother is otherwise in violation of the Relocation Statute; an order that Father is granted primary physical custody, or equally shared physical custody if Mother returns to Pottsville, until further order of court, and an award of attorney fees and costs.

(*Id.* at unnumbered page 2 ¶ 6).

Father's petition was sufficient to put Mother on notice that he sought a finding of contempt for her relocation and the sanctions he sought for that contempt.  In fact, as observed by the trial court, "the record evidences [Mother] appeared [at the hearing] and with assistance of [c]ounsel

- 7 -

vigorously contested Father's [p]etitions." (Order and Opinion of Court, 1/26/16, at unnumbered page 2). Therefore, Mother's first issue, that she did not receive proper notice and an opportunity to be heard, lacks merit. *See Garr*, *supra* at 191.

In her second issue, Mother maintains that the trial court erred and abused its discretion when it found that she was in contempt for improperly relocating when she moved from Schuylkill County to Lancaster County. (*See* Mother's Brief, at 31-38). This issue lacks merit.

"To be in contempt, a party must have violated a court Order, and the complaining party must satisfy that burden by a preponderance of the evidence." *Hopkins v. Byes*, 954 A.2d 654, 655 (Pa. Super. 2008) (citation omitted).

Here, as the trial court observed, the scheduling orders in Schuylkill County expressly state: "No relocation shall occur without compliance with the obligation set forth in Pennsylvania's custody statute at 23 Pa.C.S.[A. §] 5337." (Trial Court Order, 12/24/15, at unnumbered page 3; *see, e.g.*, Order, 3/25/14). Section 5337 of the Custody Act provides, in pertinent part, that a party wishing to relocate must provide notice of such intent prior to moving, to which any party entitled to receive notice may file objections. *See* 23 Pa.C.S.A. § 5337(c), (d)(1). Further, "[n]o relocation shall occur unless . . . the court approves the proposed relocation[]" after an expedited

hearing on the matter. 23 Pa.C.S.A. § 5337(b)(2); *see* 23 Pa.C.S.A. § 5337(g)(1)

In this case, the March 25, 2014 scheduling order expressly stated, in bold letters, that no party may relocate without complying with the mandates of section 5337 of the Custody Act. (*See* Order, 3/25/14, at 1). In compliance with section 5337(c) of the Act, Mother provided notice to Father of her intention to relocate to Lancaster County. (*See* Notice of Proposed Location, 4/25/14). Thus, it appears that Mother was fully aware that a move from her then-residence in Schuylkill County to Lancaster County was a relocation. However, in contravention of the March 25, 2014 order's express language that she comply with the entirety of section 5337, Mother relocated before the trial court approved her relocation proposal. As observed by the trial court:

> . . . [I]t appears that although [Mother] was following the [C]ustody [A]ct in filing a notice of proposed relocation, she ultimately grew impatient with the delay in the custody trial and elected to move before that issue was heard by the court. Further[,] the credible evidence is that she denied relocating at recent support proceedings. It appears that she took great pains to conceal that she had moved. She implied during the hearing that her address was to remain "confidential." . . .
>
> [Mother's] actions are completely contrary to the proper and orderly resolution of the pending custody matter. [Mother] followed the appropriate steps in filing the notice of intent to relocate. [Father] filed a timely objection. The parties have undergone evaluations and a custody trial is scheduled. With this matter pending, [Mother] chose to relocate. . . . She was attempting to conceal her "new" address.

As such, despite her counsel's arguments that her actions do not constitute "relocation" and further that she has failed to comply with any court order, [Mother] is in contempt.

(Trial Court Order, 12/24/15, at unnumbered pages 6-7).

We agree with the trial court's finding that Mother was in contempt for failing to comply fully with the express terms of the scheduling orders. **See** 23 Pa.C.S.A. § 5337(b)(2). For her to argue now that she was not in violation of a court order because her move from Schuylkill to Lancaster County is not a relocation is disingenuous at best where she, herself, filed notice of her intent to relocate. (**See** Notice of Proposed Relocation, 4/25/14). Therefore, we conclude that the trial court did not err or abuse its discretion when it found Mother in contempt for violating the court's order by relocating prior to obtaining court approval. **See Hopkins**, **supra** at 655; **Garr**, **supra** at 189. Mother's second issue is without merit.

In her third issue, Mother complains that the trial court abused its discretion when it found that she was in contempt for enrolling B.M. in preschool without Father's knowledge or permission. (**See** Mother's Brief, at 43-44). In support of her claim, Mother notes that none of the orders entered prior to Father's filing of his petition for contempt mentioned legal custody, let alone who will exercise it. (**See id.**).

Pursuant to the Custody Act, "legal custody" is defined as "[t]he right to make major decisions on behalf of the child, including, but not limited to, medical, religious and educational decisions." 23 Pa.C.S.A. § 5322.

Here, our review of the certified record confirms that there was no court order in place addressing legal custody generally, or the educational decisions regarding B.M., specifically. Therefore, Mother was not in contempt of any court order when she placed B.M. in daycare. Accordingly, we are constrained to conclude that the trial court abused its discretion when it found Mother in contempt for placing B.M. in daycare. **See Hopkins**, **supra** at 655; **Garr**, **supra** at 189. Hence, we reverse the court's order to the extent it finds Mother in contempt for enrolling B.M. in preschool.

Finally, we observe that our disposition in this matter affects the amount of counsel fees to which Father is entitled. Although the custody order grants Father a total of $2,214.00, it is unclear what portion of that amount was incurred for the childcare issue, and how much is attributable to the issue of Mother's unauthorized relocation. Therefore, we remand for the re-calculation of Father's counsel fees award.

In sum, we affirm the trial court's order to the extent that it found Mother in contempt for relocating; reverse the court's order finding Mother in contempt for placing B.M. in preschool; and quash that portion of the appeal that addresses the interim order of shared legal and physical custody. We remand for re-calculation of attorney fees to which Father is entitled.

Order affirmed in part, reversed in part, and quashed in part. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judge Ott joins the Memorandum.

Judge Bowes files a Concurring and Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2016