J-A11009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| J.L.S. | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| J.A.S. | : | No. 1792 MDA 2019 | |

Appeal from the Order Entered October 11, 2019
In the Court of Common Pleas of Northumberland County
Domestic Relations at No(s): 14621-2019

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: JUNE 8, 2020**

Appellant, J.L.S. ("Mother"), appeals from the order entered in the Northumberland County Court of Common Pleas which directed Appellee, J.A.S. ("Father"), to pay $6,676 per month in child support and spousal support. Specifically, Mother challenges the trial court's deviation from the support guidelines, as well as the trial court's determination of Father's net income. We affirm in part and reverse and remand in part.

The parties are husband and wife who are currently separated and in the process of divorce proceedings. They were married on October 11, 2008 and separated on February 4, 2019. The parties have one minor child born of

_____

[*] Former Justice specially assigned to the Superior Court.

the marriage. On March 14, 2019, Mother filed a complaint for support against Father, seeking child support and alimony *pendente lite* ("APL").

Following a conference, an interim support order was entered on April 23, 2019, finding Father had a net monthly income of $20,737.34 and Mother had a net monthly income of $7,789.18. The trial court noted that Father's net income was based on a five month average of his wages and that the full monthly insurance premium[1] paid by Father had been deducted from his gross monthly income, pursuant to Rule 1910.16-5(b)(4), to arrive at his net monthly income.

Father was ordered to pay the sum of $1,596 per month for child support and $5,062 per month for APL. Additionally, Father was ordered to pay certain sums towards support arrears. The trial court noted that a 20% downward deviation to the calculated support obligations was applied due to Father making payments on Mother's vehicle and Father's unusual expenses including payments on the marital credit card debt and "other relevant factors."

On May 14, 2019, Mother appealed the interim support order and requested a hearing *de novo*. She argued that her earnings were miscalculated; Father was incorrectly awarded a 20% downward deviation in

---

[1] Full insurance costs included insurance premium costs for medical, dental, and vision insurance. Additionally, the cost of Father's life and disability insurance were deducted, as they directly benefit Mother.

support, the monthly arrears collection rate was insufficient, and Father's earnings were not based on the required minimum 6-month period.

On September 24, 2019, a *de novo* hearing was held in which the trial court entertained arguments from both parties. Mother testified that she has an associate degree and that prior to their marriage she worked full-time as an x-ray technician. However, she left that position during the marriage to be a stay-at-home mom. ***See*** N.T., 9/24/2019, at 10. She testified that she currently is not licensed to work in that profession and would probably need to go back to school to get licensed. ***See id***. She currently works part-time as a paraprofessional at their child's school which allows her to have a similar schedule to their child, whom she does not believe is old enough to stay home alone. ***See id***. at 11-12. Mother testified that she and Father were together for ten years and that Father works as a surgeon. ***See id***. at 18. She filed for divorce in February of 2019. ***See id***. at 21.

Shelley Lushinksi, Assistant Director of Domestic Relations, testified regarding the new guidelines for calculating APL and child support. ***See id***. at 28-30. She testified that in determining Father's net income for the April 23, 2019 interim order, the hearing officer only used a five-month average of Father's income. ***See id***. at 29. She confirmed the hearing officer had subtracted costs of health insurance from Father's gross income in arriving at Father's net income for support purposes. ***See id***.

Father testified that he works full time as a surgeon. *See id*. at 31. He claimed that a downward deviation in support was necessary because he had been making monthly payments towards approximately $48,000 in marital credit card debt. *See id*. at 36. He pays for health insurance, including vision and dental insurance, for himself, Mother, the parties' child, as well as Mother's two children from a previous marriage. *See id*. at 35. He also pays for disability insurance and life insurance, which directly benefits Mother. *See id*. at 38.

On October 11, 2019,[2] the trial court entered an allocated order resolving the issues from the *de novo* hearing. The order imputed to Father a net monthly income of $20,312.99 and a net monthly income of $7,728.26 to Mother. The trial court noted that although Father's net income in the interim order had been based on a five-month average, they had since taken an average of one year of Father's earnings to arrive at his current net income. The trial court also noted that full insurance costs had been deducted from Father's gross income per Rule 1910.16-6(b). Father was ordered to pay $1,570 per month for child support and $4,906 per month for APL, in addition to any remaining payments towards support arrears. The trial court applied a 20% downward deviation in both child support and APL, and noted the

_____

[2] The order is dated October 9, 2019, however, the order was not filed until October 11, 2019.

deviation is proper due to Father paying Mother's vehicle costs. Mother filed a motion for reconsideration which the trial court denied. This timely appeal followed.

Mother presents the following issues on appeal:

1. Did the Trial Court err and/or commit an abuse of discretion by failing to properly consider all of the facts of record and relevant guideline factors when it ordered a 20% deviation downward in both child support and alimony pendente lite awarded to Appellant?

2. Did the Trial Court err and/or commit an abuse of discretion by failing to properly consider Appellee's actual monthly net income during the Court [o]rdered period of one (1) year, and in failing to only deduct from the Appellee's monthly gross income the deductions permissible under Pa.R.C.P. 1910.16 - 2(c) in order to derive at Appellee's monthly net income?

Appellant's Brief, at 4 (suggested answers omitted).

Before addressing the above issues, we must first determine the appealability of the October 11, 2019 support order. Questions concerning appealability of an order go to the jurisdiction of the court to hear the appeal and may be raised *sua sponte*. **See Fried v. Fried**, 501 A.2d 211, 212-213 (Pa. 1985).

This Court has jurisdiction to consider claims related to child support, but we cannot address issues related to spousal support until a divorce decree has been entered and the certified record shows that no economic claims remain to be decided. **See Hrinkevich v. Hrinkevich**, 676 A.2d 237, 239 (Pa. Super. 1996).

> A spousal support order entered during the pendency of a divorce action is not appealable until all claims connected with the divorce action are resolved. The rationale behind this rule is that, for purposes of judicial efficiency, in the event that an initial award of interim relief is granted in error, the court has the power to make adjustments in the final settlement via the equitable distribution of marital property. Thus, when all economic matters involved in a divorce are resolved, any support order can be reviewed and corrected when the court finalizes the equitable division of the property.

*Capuano v. Capuano*, 823 A.2d 995, 998–99 (Pa. Super. 2003) (citations omitted).

Here, it is undisputed that the allocated support order was entered during the pendency of a divorce action and a divorce decree has yet to be entered. Accordingly, the child support portion of the trial court's October 11, 2019 order is final and appealable. However, because a divorce action was pending between the parties during the time of this appeal, we are constrained to find the spousal support portion of the order interlocutory and unappealable.[3] *See id*. We will therefore address Mother's arguments only as they relate to child support.

Our standard of review for a child support order is well-settled.

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or

---

[3] We recognize the October 11, 2019 support order is marked as "final". Nevertheless, the order as it pertains to spousal support is considered interlocutory under Pennsylvania law, and we are therefore without jurisdiction to address the issues as far as they relate to spousal support. *See Capuano*, 823 A.2d at 999.

insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Kimock v. Jones*, 47 A.3d 850, 854 (Pa. Super. 2012) (citations omitted).

With this standard in mind, we address Mother's issues on appeal that contend the trial court erred in deviating from the calculated support obligations, and in calculating Father's net income for support purposes.

The amount of support calculated pursuant to the guidelines is presumed to be the correct amount of child support. *See* Pa.R.C.P. 1910.16-1(d). This presumption can be rebutted where the fact finder determines that the award "would be unjust or inappropriate." *Id*. The presumption that the guideline support amount is correct is a strong one. *See Ball v. Minnick*, 648 A.2d 1192, 1196 (Pa. 1994). Here, Father sought, and was granted, a deviation from the presumptive amount.

A trial court has discretion to deviate from the guideline amount in a support case, if the record supports the deviation. *See Silver v. Pinskey*, 981 A.2d 284, 296 (Pa. Super. 2009); *see also* Pa.R.C.P. 1910.16-5(a) ("[T]he trier of fact shall specify, in writing or on the record, the guideline amount of support, and the reasons for, and findings of fact justifying, the amount of the deviation."). In determining whether to deviate from the guidelines, the trier of fact must consider the following factors:

(1) unusual needs and unusual fixed obligations;
(2) other support obligations of the parties;
(3) other income in the household;
(4) ages of the children;
(5) the relative assets and liabilities of the parties;
(6) medical expense not covered by insurance;
(7) standard of living of the parties and their children;
(8) in a spousal support or alimony pendent lite case, the duration of the marriage from the date of marriage to the date of final separation; and
(9) other relevant and appropriate factors, including the best interests of the child or children.

Pa.R.C.P. 1910.16-5(b). "The trier of fact is to consider all the relevant factors in determining whether a deviation is warranted; any one factor is not necessarily determinative." **Suzanne D. v. Stephen W.**, 65 A.3d 965, 972-73 (Pa. Super. 2013) (citation omitted).

In its opinion, the trial court made the following observations in support of the downward deviation in support obligations.

> There was a significant disparity in the incomes of the respective parties after separation. [Father] is a surgeon at Geisinger Medical Center, making $542,807.24 annually[] whereas [Mother] was working in a local school for $10.50 an hour for only 21 hours a week. However, at the time of the marriage, [Mother] was a full-time x-ray technician. She held an associates degree in applied health in radiology from Penn College. After they were married, she left her position, also at Geisinger, to stay home with their daughter who was born approximately one (1) year after the marriage. [Father] contended that she should've been held to an earning capacity of a full-time x-ray technician. This court determined that [Mother] no longer had the present ability to resume employment in that field in view of the fact that her license and educational requirements had long ago lapsed. [] This ruling is not the subject of the appeal. Nonetheless, it is still relevant to the determination at issue as to whether [Father] is entitled to a deviation under Pa. R.C.P. No. 1910.16-5(d) as an otherwise relevant and appropriate consideration.

This court provided a 20% deviation in view of the factors outlined above as far as [Father's] additional financial payments that benefited [Mother] and daughter. He paid off [Mother's] late model automobile costs, so [Mother] did not have the typical expenses relating to the purchase and ownership of a vehicle. At the time of separation, [Father] realized that there was $48,000.00 in credit card debt, as to which he began to pay at the rate of $4,000.00 to $5,000.00 a month in order to avoid the high interest assessed on credit card obligations. In view of his position as a surgeon, he is required to pay $1,200.00 a month for disability and life insurance. This has [Mother] as the beneficiary, and [Mother] had previously obtained an order prohibiting him from discontinuing any such insurance. Finally, he has taken care of any health insurance expense for [Mother], their child and her other two children from a previous relationship which includes dental insurance as well. On the other hand, [Mother] did not report any unusual expenses or any fixed obligations at all.

Trial Court Opinion, 11/22/2019, at 2-3. In contrast, the support order itself indicates the "20% deviation downward is proper in view of financial circumstances; [Father] paying [Mother's] vehicle costs & as plaintiff listed no unusual expenses/has sufficient funds available." Order, 10/11/2019, at 3.

Father sought a deviation on the basis that he paid off Mother's car, and because he is paying $4,000 to $5,000 a month towards marital credit card debt in order to avoid high interest costs. We note the record reveals that Father's counsel conceded at the hearing that the vehicle had already been paid off prior to the *de novo* hearing, and that it was "not an issue anymore." *See* N.T., 9/24/2019, at 6.

The court also justified the deviation by pointing to Father's decision to pay a higher monthly amount than he is required on marital debt. *See id*. at 47-48. While Father's desire to protect the marital estate is laudable, child

support payments are motivated by the best interests of the child, not of the parents. *See Hanrahan v. Bakker*, 186 A.3d 958, 978 (Pa. 2018). To the extent the best interests of the marital estate come into conflict with the best interests of the child, it is the best interests of the child which prevail in the calculation of child support obligations. "Irrespective of the donee's intent and any benefit ultimately received by the children, a policy legitimizing downward deviations of child support awards" based on trade-offs between long-term and short-term benefits to the child is a policy decision best left to the legislature. *See id*., at 979.

Finally, the trial court's inclusion of Father's payment of insurance costs in its discussion of support for a deviation was in error. These costs were already deducted from Father's income in calculating the support obligations:

> 4) full insurance costs deducted from [Father's] income per Rule 1910.16-6(b) Explanatory Comment - 2005 as plaintiff's contribution would be minimal & considers her other children covered. 5) 20% deviation downward is proper in view of financial circumstances; [Father] paying [Mother's] vehicle costs & as plaintiff listed no unusual expenses/has sufficient funds available.

Order, 10/11/2019, at 3.

As a result, we conclude the trial court erred in deviating from the guidelines in calculating Father's child support obligation. We can find no evidence of record that justifies a twenty percent downward deviation. We therefore reverse and remand for the entry of an order utilizing the guideline amount based upon the parties' incomes.

Which leads us to Mother's second issue. Mother contends the trial court erred in calculating Father's income by allowing Father to deduct certain voluntary payments. Under the Support Guidelines, in determining a party's net income, only the items enumerated thereunder may be deducted from gross income to arrive at the net income figure, unless provided otherwise by the Support Guideline Rules. Pa.R.C.P. 1910.16-2(c)(1).

In accordance with Pa.R.C.P. 1910.16-6(b)(4), the trial court deducted the cost of health insurance paid by Father for Mother, their child, and Mother's two children from a previous marriage, from Father's gross income. *See* Pa.R.C.P. 1910.16-6(b)(4) ("[i]n cases in which the obligor is paying the cost of health insurance coverage … the trier of fact may … deduct part or all of the cost of the premiums actually paid by the obligor …."). We find the health insurance deduction was properly made.

Other than this, Mother makes no attempt to identify what specific deductions she objects to. We recognize that Mother claims she did not receive documentation of Father's wages until after the hearing and would like to question the domestic relations officer regarding possibly voluntary deductions that were employed. However, Mother had the opportunity to examine the officer at the hearing on the issue of how Father's income was calculated. She has not identified either here or in the trial court what exact deductions she has reason to believe were inappropriate. Further, Mother does not challenge the trial court's order denying her motion to re-open the record.

Under these circumstances, we cannot conclude that the trial court erred in calculating Father's income. However, we have determined the trial court abused its discretion regarding its deviation from the support guidelines. The presumptive minimum amount under the Uniform Support Guidelines has not been rebutted by the presentment of "unusual needs or extraordinary expenses" of Father such as to warrant a reduction in the guideline figure. *See Ball v. Minnick*, 648 A.2d at 1196. As a result, the guideline figure should not have been reduced by 20%. On remand, we direct the court to enter an order setting Husband's child support obligation as the presumptive amount set forth in the guidelines without the 20% deviation.

Appeal quashed with respect to spousal support. Order reversed with respect to child support. Case remanded for entry of order setting child support as presumptive guideline amount. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/08/2020