J-S32017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| S.M.G. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| H.L.D. JR | : | |
| | : | |
| Appellant | : | No. 728 EDA 2020 |

Appeal from the Order Entered January 23, 2020
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): No. OC1212958

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.: **FILED AUGUST 17, 2020**

Appellant, H.L.D., Jr. ("Father"), appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which modified the custody agreement between Father and Appellee, S.M.G. ("Mother"), as it relates to their minor child, K.G. ("Child"). We affirm.

The relevant facts and procedural history of this case are as follows. Father and Mother are the unmarried parents of Child (born December 2011). On May 9, 2018, Mother filed a complaint seeking primary physical and legal custody of Child. Following a hearing, a custody master entered an interim order on June 21, 2018, providing for shared legal custody between the parties and awarding Mother primary physical custody. Father received supervised

---

[*] Retired Senior Judge assigned to the Superior Court.

physical custody for two hours every Sunday. The court conducted an additional custody hearing on April 9, 2019. At that hearing, the parties agreed to a temporary custody arrangement. The agreement provided: (1) the parties shared legal custody; (2) Mother received primary physical custody; (3) Father received partial physical custody on alternating weekends; and (4) during the summer, Father would have partial physical custody every weekend.

On January 23, 2020, the parties appeared for another custody hearing. Following the hearing, the court entered a final order modifying the custody arrangement between Mother and Father. The order provided for shared legal custody between the parties and awarded Mother primary physical custody. During the school year, Father would have partial physical custody on the second, third, and fourth weekends of the month. During the summer, Father would have partial physical custody every weekend. Father timely filed a notice of appeal on February 24, 2020. On March 2, 2020, the court ordered Father to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Father complied on March 9, 2020.[1]

_____

[1] This case was designated as a Children's Fast Track case, so Father should have filed his concise statement contemporaneously with his notice of appeal. *See* Pa.R.A.P. 1925(a)(2)(i). Nevertheless, we decline to dismiss or quash Father's appeal, or find waiver of his appellate issues on this basis. *See In re K.T.E.L.*, 983 A.2d 745 (Pa.Super. 2009) (explaining in Children's Fast Track cases, appellant's failure to file concise statement contemporaneously with notice of appeal does not divest this Court of jurisdiction, but results in

Father raises the following issues for our review:

> Did the court err and commit reversible error when [it] changed the terms of the existing agreement of April 9, 2019, which found [Father] having visitation rights with his son on every other weekend during the school year?

> Given the evidence provided within that [Mother] violated the terms of the January 23, 2020 order of the court and refused visitation between [Father] and his son on the third weekend of the month as ordered by the court, should the current order be rescinded and the existing order of visitation be placed back into effect, as it was agreeable to all parties in the past?

(Father's Brief at 5).

As a prefatory matter, an appellant has the responsibility to provide a complete record for review. **Hrinkevich v. Hrinkevich**, 676 A.2d 237, 240 (Pa.Super. 1996). This Court is limited to considering only those materials which have been certified in the record on appeal. Pa.R.A.P. 1921. **See also In re J.I.R.**, 808 A.2d 934, 935 (Pa.Super. 2002), *appeal denied*, 573 Pa. 672, 821 A.2d 587 (2003) (stating: "This Court may only rely on what appears in the certified record"); **Frank v. Frank**, 587 A.2d 340, 342 n.5 (Pa.Super. 1991) (stating: "For purposes of appellate review, what is not of record does not exist"). In other words, if a claim is dependent upon materials which are

---

defective notice of appeal to be disposed of on case by case basis; general waiver analysis for failure to file court-ordered Rule 1925(b) statement does not apply in context of noncompliance with Rule 1925(a)(2)(i); declining to quash or dismiss mother's appeal where she filed concise statement three days after notice of appeal and noncompliance with Rule 1925(a)(2)(i) caused no prejudice to parties).

not included in the certified record, then the claim is waived. ***Stewart v. Owens-Corning Fiberglas***, 806 A.2d 34 (Pa.Super. 2002) (stating: "The failure of the appellant to ensure that the original record certified for appeal contains sufficient information to conduct a proper review may constitute a waiver of the issues sought to be examined"). ***See also Hrinkevich, supra*** (waiving husband's child support claim where there was no basis in certified record upon which this Court could have reviewed husband's contentions).

Specifically, this Court has said:

> With regard to transcripts, our Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary for resolution of the issues appellant raises on appeal. ***See*** Pa.R.A.P. 1911(a). When an appellant fails to adhere to the precepts of Rule 1911 and order all necessary transcripts, any claims that cannot be resolved in the absence of the necessary transcripts or transcripts must be deemed waived for the purpose of appellate review.

***Interest of G.E.W.***, ___ A.3d ___, 2020 PA Super 133, *4 (filed June 8, 2020) (internal citation and quotation marks omitted).

Furthermore, if the record of a proceeding is missing or incomplete, an appellant may supplement the certified record by submitting a statement of evidence or proceedings from the "best available means"; the best available means include the appellant's own recollections. Pa.R.A.P. 1923. "The purpose of Pa.R.A.P. 1923 is to provide a reviewing court with an 'equivalent picture' of the proceedings when there is no transcript of the proceedings." ***Boyle v. Steiman***, 631 A.2d 1025, 1030 (Pa.Super. 1993), *appeal denied*, 538 Pa. 663, 649 A.2d 666 (1994). "A failure by the appellant to insure that

- 4 -

the original record certified for appeal contains sufficient information to conduct a meaningful appellate review constitutes a waiver of the issue sought to be reviewed." ***Id.   See also In re D.D.***, 597 A.2d 648 (Pa.Super. 1991) (waiving appellant's claim where appellant failed to properly file statement in absence of transcripts in order to preserve his claim).

Instantly, the court entered an order on January 23, 2020, modifying the custody arrangement between Mother and Father and awarding Father an extra weekend with Child per month.  Father timely appealed.  As it appears in the record, Father requested but did not receive transcripts for the April 9, 2019 hearing.  Father did not request transcripts for the June 21, 2018 or January 23, 2020 hearings.  Furthermore, in the absence of these transcripts, Father did not prepare a statement of the evidence or proceedings.  Without the transcripts or a statement of the proceedings, we cannot conduct meaningful appellate review of Father's issues.[2]   Accordingly, we deem Father's issues waived and affirm the custody order. ***See Interest of G.E.W.***, ***supra***; ***Boyle, supra***.   ***See also In re K.L.S.***, 594 Pa. 194, 934 A.2d 1244 (2007) (noting if appellant waives issues on appeal, then we should affirm trial court's decision rather than quash appeal).

Order affirmed.

---

[2] This Court made an independent inquiry into the whereabouts of the custody hearing transcripts, but we were unable to locate them.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/17/20</u>